In the matter of the petition of the NEW JERSEY STATE BAR ASSOCIATION for an investigation in the court of chancery, &c.

[Submitted October term, 1932. Decided January 23d,.1933.]

*Mr. William A. Stevens,* for the appellant.

*Mr. Shelton Pitney,* for the respondent.

The opinion of the court was delivered by

BODINE, J.   This is an appeal from an order directing payment of certain expenses from the general funds of the court of chancery, incident to an investigation now being conducted by Charles. L. Carrick, Esquire, as master, to determine if certain irregularities exist in the personnel, practice and procedure of that court.   The general funds arise from the difference in interest received by the court and that paid out.

Moneys to which litigants and wards of the court may be entitled must be kept so that they may be repaid on appropriate order.   While the moneys remain in court they are a trust fund and have, of late, been in part invested in securities legal for savings banks.   *1 Comp. Stat. p. 441 § 81a.* The statute further provides: "The interest and income derived from such investments, after deducting necessary expenses, shall be apportioned to the several *parties* entitled thereto; and the chancellor may from time to time make such rules and regulations respecting such deposits and invest-

ments as to him shall appear just and right *and for the interest of all persons concerned therein.*"

A surplus more than sufficient to meet the obligations of the court to its wards, and those entitled thereto, has arisen by virtue of the powers vested in the court. The circumstances that certain of the funds have been invested affords no reason to divert a surplus, which may or may not now exist, for the payment of expenses incurred by reason of the investigation of certain state officers. Because the funds have been invested, in part, requires that a reserve be maintained particularly in these days of shifting values. The safety of moneys paid into court is of prime importance.

A duty to conserve the safety of the principal formed the basis for some of the precedents adverted to in the opinion of the court below, but they are, of course, inapplicable to the present situation. The use of the surplus to offset losses is a matter not now before us.

A trustee, who has so conducted a trust that a profit results, cannot divert the profit to a different use. It may be argued, however, surplus moneys which have been earned are really in lieu of commissions for the conduct of a trust. If so, the power to conduct the trust and take the commissions, if they in fact exist, came from the state, and like any fees received in the discharge of a duty under a public office are payable to the state as soon as the amount can be determined. It is immaterial that certain state officers have asserted no claim thereto. The legislature is the sole judge of the necessity to make appropriations of public moneys.

The court of chancery never had the power to appropriate moneys in which the state, or others, had the beneficial interest.

The order is reversed.

*For affirmance*—None.

*For reversal*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, WELLS, KERNEY, JJ. 11.