This is a suit to enjoin what complainants charge to be the unlawful practice of the law by the defendant, Charles A. *Page 600 
Wood. Mr. Wood is not licensed to practice in New Jersey. The complainants are the Essex County Bar Association, a committee of the State Bar Association, and Louis Auerbacher, Jr., an attorney and counsellor-at-law.
The defendant at the outset challenges the title of complainants to maintain the suit and the jurisdiction of Chancery to grant relief. Discussion in this court, however, is foreclosed by Unger v. Landlords Management Corp., 114 N.J. Eq. 68,
which settles the question in favor of complainants. In our sister states also, during the past 15 years, courts of equity have frequently enjoined the unlawful practice of the law at the suit of a bar association. Chicago Bar Association v.United Taxpayers Association (Ill.), 38 N.E. Rep. 2d349; Lowell Bar Association v. Loeb (Mass.), 52 N.E. Rep.
2d 27; Fitchette v. Taylor (Minn.), 254 N.W. Rep. 910;94 A.L.R. 356; Dworken v. Apartment House Owners Association
(Ohio), 176 N.E. Rep. 577; Childs v. Smeltzer (Pa.),171 Atl. Rep. 883; Paul v. Stanley (Wash.), 12 Pac. Rep.
2d 401; Merrick v. American Security, c., Co.,107 Fed. Rep. 2d 271. This jurisdiction perhaps grows from a realization that an injunction is an effective means for protecting the public, and is less harsh than an indictment, and from the fact that bar associations are well fitted to perform the public function of prosecuting the cause. Recognition in New Jersey of the public aspect of bar associations is found in R.S.2:17-2; 2:23-1, c.; Supreme Court Rule 14; In re New JerseyState Bar Association, 111 N.J. Eq. 234; 112 N.J. Eq. 236, 606;114 N.J. Eq. 261. We proceed then to inquire whether the defendant is unlawfully practicing law, or rather was he about to do so when the suit was started. He had just opened an office in Montclair and begun to hunt a clientele, but when confronted with litigation, he deferred activities pending the outcome of the suit. In this opinion, however, I will use the present tense as if he were actually doing what he plans to do if the court permits.
The defendant is a consultant to employers in labor or industrial relations. The subject of industrial relations as commonly understood and as defined by defendant, begins *Page 601 
with the processes by which employees are obtained, then deals with their training, provisions for their safety, health and welfare, morale building, pension systems, employee records, the settlement of grievances, wage administration, negotiations with unions and appearances before arbitrators and administrative agencies. In such matters, defendant purposes to assist the employer in the determination of policies, in the development of an organization fitted to carry out the policies and in the formulation of effective routine practices. He is ready, if called upon, personally to handle or aid in the handling of specific problems. For example let us say, the avoidance of friction upon the promotion of a negro to a position theretofore held by a white employee. Or the negotiation of a contract with a labor union.
The relation between employer and his employee group and the duties of the former toward the latter, have become the subject of many statutes and governmental regulations. Of necessity, no one handling industrial relations, or acting as a consultant, can render effective service unless he is familiar with such statutes and regulations. He must be careful not to suggest a course of conduct which the law forbids. It seems to me clear that defendant's knowledge of the law, and his use of that knowledge as a factor in determining what measures he shall recommend, do not constitute the practice of law; although I am aware of a suggested definition of the practice of law that includes the rendition of any sort of service which requires the use of any degree of legal knowledge or skill. People, ex rel. IllinoisState Bar Association v. Peoples', c., Bank (Ill.),176 N.E. Rep. 901. It is not only presumed that all men know the law, but it is a fact that most men have considerable acquaintance with the broad features of the law: That certain acts are punishable as crimes; that trespass is actionable; that there must be a consideration for a contract; that land titles pass by deed; that a last will and testament must be witnessed. Our knowledge of the law — accurate or inaccurate — moulds our conduct not only when we are acting for ourselves, but when we are serving others. It may well be recalled that Blackstone'sCommentaries were originally read as lectures at Oxford, not to young *Page 602 
men who expected to become lawyers, but to the generality of the students that they might acquire "a competent knowledge of the laws of that society in which we live." Bankers, liquor dealers and laymen generally possess rather precise knowledge of the laws touching their particular business or profession. A good example is the architect, who must be familiar with zoning, building and fire prevention codes, factory and tenement house statutes, and who draws plans and specifications in harmony with the law. This is not practicing law.
But suppose the architect, asked by his client to omit a fire tower, replies that it is required by the statute. Or the industrial relations expert cites in support of some measure that he recommends, a decision of the National Labor Relations Board. Are they practicing law? In my opinion, they are not, provided no separate fee is charged for the legal advice or information, and the legal question is subordinate and incidental to a major non-legal problem. Merrick v. American Security, c., Co.,107 Fed. Rep. 2d 271; Lowell Bar Association v. Loeb
(Mass.), 52 N.E. Rep. 2d 27; Elfenbein v. LuckenbachTerminals, Inc., 111 N.J. Law 67. It is largely a matter of degree and of custom.
If it were usual for one intending to erect a building on his land to engage a lawyer to advise him and the architect in respect to the building code and the like, then an architect who performed this function would probably be considered to be trespassing on territory reserved for licensed attorneys. Likewise, if the industrial relations field had been pre-empted by lawyers, or custom placed a lawyer always at the elbow of the lay personnel man. But this is not the case. The most important body of industrial relations experts are the officers and business agents of the labor unions — and few of them are lawyers. See Liberty Mutual v. Jones (Mo.), 130 S.W. Rep.
2d 945. Among the larger corporate employers, it has been the practice for some years to delegate special responsibility in employee matters to a management group chosen for their practical knowledge and skill in such matters, and without regard to legal training or lack of it. More recently, consultants like the defendant have tendered to the *Page 603 
smaller employers the same service that the larger employers get from their own specialized staff.
The handling of industrial relations is growing into a recognized profession for which appropriate courses are offered by our leading universities. The Rutgers School of Business Administration, for instance, presents Labor Economics, Personnel Management, Techniques of Collective Bargaining, Manpower Management and Research in Personnel. The most extensive program of the kind is found in Cornell University where there has been established a separate School of Labor Management Relations. The court should be very cautious about declaring a widespread, well-established method of conducting business is unlawful, or that the considerable class of men who customarily perform a certain function have no right to do so, or that the technical education given by our schools cannot be used by the graduates in their business.
In determining whether a man is practicing law, we should consider his work for any particular client or customer, as a whole. I can imagine defendant being engaged primarily to advise as to the law defining his client's obligations to his employees, to guide his client along the path charted by law. This, of course, would be the practice of the law. But such is not the fact in the case before me. Defendant's primary efforts are along economic and psychological lines. The law only provides the frame within which he must work, just as the zoning code limits the kind of building the architect may plan. The incidental legal advice or information defendant may give, does not transform his activities into the practice of law. Let me add that if, even as a minor feature of his work, he performed services which are customarily reserved to members of the bar, he would be practicing law. For instance, if as part of a welfare program, he drew employees' wills.
Another branch of defendant's work is the representation of the employer in the adjustment of grievances and in collective bargaining, with or without a mediator. This is not per se the practice of law. Anyone may use an agent for negotiations and may select an agent particularly skilled in *Page 604 
the subject under discussion, and the person appointed is free to accept the employment whether or not he is a member of the bar. Here, however, there may be an exception where the business turns on a question of law. Most real estate sales are negotiated by brokers who are not lawyers. But if the value of the land depends on a disputed right-of-way and the principal role of the negotiator is to assess the probable outcome of the dispute and persuade the opposite party to the same opinion, then it may be that only a lawyer can accept the assignment. Or if a controversy between an employer and his men grows from differing interpretations of a contract, or of a statute, it is quite likely that defendant should not handle it. Fitchette v.Taylor, supra. But I need not reach a definite conclusion here, since the situation is not presented by the proofs.
Defendant also offers to represent the employer before administrative agencies of the federal government, especially before trial examiners of the National Labor Relations Board. An agency of the federal government, acting by virtue of an authority granted by the Congress, may regulate the representation of parties before such agency. In re Lyon
(Mass.), 16 N.E. Rep. 2d 74. The State of New Jersey is without power to interfere with such determination or to forbid representation before the agency by one whom the agency admits. The rules of the National Labor Relations Board give to a party the right to appear "in person, or by counsel, or by other representative." Rules and Regulations, September 11th, 1946,§ 203.31. "Counsel" here means a licensed attorney, and "other representative" one not a lawyer. In this phase of his work, defendant may lawfully do whatever the Labor Board allows, even arguing questions purely legal.
It does not appear that the defendant's activities, actual or contemplated, constitute the unlawful practice of law, and so the bill must be dismissed. *Page 605