LOUIS AUERBACHER, JR., et al., complainants-appellants,

*v.*

CHARLES A. WOOD, defendant-respondent.

[Argued October 30th, 1947.   Decided July 2d, 1948.]

*Mr. George W. C. McCarter,* for the appellants.

*Mr. Saul Tischler,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

We concur in the dismissal of the bill of complaint and, generally, in the reasoning of the learned Vice-Chancellor. There is no proof that defendant intends to engage in the practice of law in New Jersey.

Defendant simply made known, by circular and newspaper advertisement, his "availability" to employers for "such guidance as is necessary or desirable in the use of industrial relations and collective bargaining techniques, with particular attention to immediate needs and future requirements," and his willingness "to collaborate with members of the legal profession" and to accept "forwarded matters on a referral basis."

Thus, defendant announced his intention to practice the profession of a consultant in industrial relations and personnel management; and where the use of such practitioner's knowledge of the law, whether he be a trained lawyer or layman, is but an incident of the practice of this calling, he is not engaged in the practice of law within the intendment of regulations forbidding that pursuit to those not duly licensed.

What constitutes the practice of law does not lend itself to precise and all-inclusive definition. There is no definitive formula which automatically classifies every case. The field of industrial relations, while it overlaps the law in some areas, like other professions and businesses, is yet in its major aspects and objectives separate and distinct from the practice of the law and is not in essence of the domain for reasons of policy assigned to the practitioner of the law. The contentions and problems growing out of the industrial relation and personnel administration involve in the main sociological, economic and public relation factors and administrative policies, procedures and practices wholly unrelated to the practice of law. This has become a specialty, due to the intricacies of labor-management relations in a complex society; and the use of the specialist's knowledge of the law as a mere incident of the application of his skill in and understanding of related scientific principles, policies and techniques and his training

486

and experience in administrative procedures, now the subject of college classroom instruction as a technical profession in itself, toward the adjustment of essentially nonlegal issues and controversies arising out of the relationship, does not, without more, constitute the practice of law. Where the primary service is nonlegal, the purely incidental use of legal knowledge does not characterize the transaction as the wrongful practice of law.

If things are done which are not merely incidental to this service, but rather constitute the practice of law as an adjunct to such service, the field of the law is then invaded, and the unlicensed practitioner is subject to legal sanctions. He may not practice law under the guise of specialized service in the sphere of labor relations. He may not undertake "to pass upon a legal question apart from the regular pursuit of" his nonlegal calling. *Application of New York County Lawyers Association (In re Bercu), 78 N. Y. Supp (2d) 209.* The line drawn in that case was between the primary and the incidental in pursuits overlapping the law. In confining the practice of the law and nonlegal endeavors within their respective areas, guidance is to be found in the consideration that the licensing of law practitioners is not designed to give rise to a professional monopoly, but rather to serve the public right to protection against unlearned and unskilled advice and service in matters relating to the science of the law. *Tumulty v. Rosenblum, 134 N. J. Law 514.* Here, there is no indication of a purpose on the part of the defendant to engage in the practice of law; and so there is no ground for judicial intervention.

In this view, we have no occasion to consider and determine whether equity may enjoin the unlawful practice of the law.

Decree affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 11.

*For reversal*—WACHENFELD, EASTWOOD, JJ. 2.