186 N.J. Super. 391 (1982)
452 A.2d 1323
NEW JERSEY STATE BAR ASSOCIATION, PLAINTIFF,
v.
NEW JERSEY ASSOCIATION OF REALTOR BOARDS ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division, Monmouth County.
Decided April 30, 1982.
*392 George B. Gelman, for plaintiff (Rosen, Gelman & Weiss, P.C., attorneys; Jill E. Haley on the brief).
Arthur M. Greenbaum, for defendants (Greenbaum, Greenbaum, Rowe & Smith, attorneys; Bennet D. Zurofsky on the brief).
SULLIVAN, J. (retired and temporarily assigned on recall).
This litigation stems from State v. Bander, 56 N.J. 196 (1970). In that case defendant, a licensed real estate broker who had negotiated the sale of certain real property between a buyer and seller, was charged with the disorderly person offense of having engaged in the unlawful practice of law, N.J.S.A. 2A:170-78, when he prepared a form contract for sale of the property and submitted it to the buyer and seller for their signatures.
While the New Jersey Supreme Court held that defendant's conduct was not a disorderly person offense under N.J.S.A. 2A:170-79, the court, because of an inadequate trial record, reserved the question of whether defendant's acts amounted to the unauthorized practice of law. The court suggested that an *393 answer might be obtained in a separate suit for an injunction against the type of acts undertaken by defendant or for a declaratory judgment. Acting on the suggestion, the New Jersey State Bar Association filed the present action against licensed realtors as a class seeking a declaratory judgment and injunctive relief. In essence, the complaint sought a ruling that the preparation of contracts for the sale of real estate or leases thereof by licensed real estate brokers or salespersons constituted the unlawful practice of law, even though the broker or salesperson had negotiated the sale or lease.
Following the joinder of issue, the Bar Association and the principal defendant, New Jersey Association of Realtor Boards, held extensive discussions concerning the possibility of adjusting the matter. Terms of a tentative settlement were worked out and accepted by both associations. The agreement proposed a court rule which would have created a standing Supreme Court committee of five attorneys and five realtors to administer the preparation and utilization of standard form contracts pertaining to the sale of one- to four-family homes, building lots and residential leases. Such forms could then be used in the preparation of a contract or lease by the realtor who had negotiated the sale or lease of residential property. The settlement made no provision for the inclusion of an attorney review option clause in either the contract or lease.
The proposed settlement was submitted to the Supreme Court and a public hearing held thereon. At the hearing representatives of several bar associations appeared and opposed the proposed settlement. Apparently the voluble opposition by the local bar caused plaintiff to have second thoughts about the terms of the settlement. In any event, it subsequently withdrew its approval of the settlement and asked that the matter go to trial on the merits.
In August 1981 the Supreme Court by order remanded the case for trial and transferred venue to the Superior Court, Chancery Division, Monmouth County. The suit was then certified *394 as a class action and notice given to all members of the class pursuant to R. 4:32-1 et seq. A second pretrial order was entered and actual trial commenced on March 22, 1982. On the third day of trial, and after considerable testimony and documentary evidence had been presented, counsel for the two associations notified the court that new terms of a settlement had been discussed and were being submitted to their respective boards of trustees for approval. Basically, the new settlement would allow realtors who had negotiated sales of one- to four-family properties and vacant one-family lots, to prepare the contracts of sale, provided an attorney review option clause was included in each contract, and conspicuous notice of the option placed at the head of each contract. It also provided that realtors who negotiated leases of residential property for terms "not in excess of one year" would be allowed to prepare such leases without the inclusion of a notice of and an attorney review clause option. The settlement eliminated the previous recommendation that the Supreme Court establish a standing bipartisan committee of attorneys and realtors to prepare standardized forms of contracts and leases. Both associations, through their respective boards of trustees, approved the new settlement.
Upon submission of the proposed settlement for court approval, an order was entered for a public hearing on published notice to members of the class pursuant to R. 4:32-4, and to members of the bar and the public. The hearing was scheduled for 10 a.m. Monday, April 26, 1982 at the courthouse in Freehold. Several communications were received from individual attorneys. A few opposed the settlement in its entirety as not being in the public interest or as permitting the unlawful practice of law by lay persons. Other letters suggested changes in certain terms of the settlement. At the public hearing one attorney and two county bar associations (Monmouth and Bergen, through representatives) appeared and, while not opposing the settlement, suggested changes in some of its terms.
*395 In essence, the terms of the proposed settlement provide that licensed realtors shall be permitted to prepare contracts for the sale of residential real estate containing one to four dwelling units and for the sale of vacant one-family lots in transactions in which they have a commission or fee interest, provided each contract contains a clause making it subject to review by an attorney for the buyer or seller within three business days. If neither buyer nor seller exercises the right to have an attorney review the contract within the time permitted, the contract will be legally binding as written. If the attorney for the buyer or seller disapproves of the contract, he must notify the broker named in the contract within the time permitted. The parties may agree in writing to extend the time for attorney review.
Each contract is to contain a conspicuous notice at the top of its first page as follows:
THIS IS A LEGALLY BINDING CONTRACT SUBJECT TO REVIEW BY AN ATTORNEY OF YOUR CHOICE IF YOU SO ELECT WITHIN THE TIME SET FORTH BELOW.
With regard to leases of residential property, the settlement would allow licensed realtors, in transactions in which they have a commission or fee interest, to prepare leases for terms not in excess of one year without the inclusion of a notice of and an attorney review clause similar to that required in a contract for sale of residential property.
The attorneys for both associations, in explaining the meaning of the attorney review clause, represented that it should be given a broad construction enabling an attorney to disapprove a contract or lease for any reason or reasons which would not be subject to review.
Finally, the settlement provides that the right of the buyer and seller, or landlord and tenant of residential real property, to obtain attorney review of the contract of sale or lease may not be waived, disclaimed, relinquished or abridged in any manner or by any means. However, nothing contained in the consent judgment shall require or compel such buyer and seller or landlord and tenant to employ, utilize or seek the assistance of *396 an attorney in connection with the sale, purchase or lease of residential real property.
I have considered and reject the objections of those opposed to the settlement in its entirety. The basic question is how is the public interest best served. In the sale or lease of residential real property the functions of realtors and attorneys overlap. Many nonlawyers, in connection with their business activities, give advice and do things which have legal consequences. However, this does not necessarily mean that they are engaged in the unlawful practice of law. In the instant case defendants assert without contradiction that "[n]o State in the Country has prohibited Brokers from completing form contracts in connection with residential property sales." Justice Jacobs, in N.J. Bar Ass'n v. North N.J. Mtg. Assocs., 32 N.J. 430 (1960), noted that:
It is, of course, clear that the practice of law is not confined to litigation but extends to legal activities in many non-litigious fields which entail specialized knowledge and ability. [Citing cases]. Oftentimes the line between such activities and permissible business and professional activities by nonlawyers is indistinct. See Auerbacher v. Wood, 139 N.J. Eq. 599 (Ch. 1947), affirmed 142 N.J. Eq. 484 (E. & A. 1948). In the Auerbacher case Justice Heher noted that what constitutes the practice of law does not lend itself "to precise and all-inclusive definition" and that some fields may "in some areas" properly overlap the law. [at 437]
A realtor's function in selling (or leasing) residential real property falls into this area. The evidence at trial showed that, in New Jersey, most contracts for the sale of residential property are originally prepared by the realtors who negotiated the sales. The proofs also showed a widespread practice among realtors of including an attorney review option clause in such contracts. The proposed settlement accomodates the interests of realtors and attorneys by allowing the realtor to consummate the contract phase of the transaction, with attorneys handling the actual transfer of title. Most importantly, however, it serves to protect the public interest by making the contract subject to prompt attorney review if either buyer or seller so desires.
*397 The suggested modifications in certain terms of the settlement are as follows. In lieu of the three business day time for attorney review, a five business day period is recommended as affording greater protection to the parties. While the suggestion has some appeal, it does enlarge the waiting period during which the seller and buyer cannot be certain that a binding contract has been negotiated. It is important that this waiting period be as short as possible giving due regard to the opportunity to consult an attorney. Since the settlement also allows for an extension of the time for attorney review by written agreement of the parties, I conclude that the public interest is adequately protected by the term of the settlement as presented.
It is also suggested that the notice of disapproval by an attorney which, under the settlement, must be served upon the broker, be also served upon the other party to the contract or lease. The suggestion is a good one, and since counsel for both associations have no objection, this term of settlement will be modified accordingly.
The final suggestion, except for those relating to language and grammar, involves the provisions of the settlement dealing with leases of residential real property. The settlement proposes that only leases for more than a term of one year would be subject to the notice and attorney review clause requirements heretofore set forth. The suggestion is that these requirements apply to all leases of residential property, or at least to leases for a term of one year or more.
I do not see the need of making the preparation of all residential leases subject to provisions for notice and attorney review. Summer rentals often are for short periods of time, so that the economics of that kind of situation would not call for such a requirement. Moreover, legislative enactments extend broad protections to lessees of residential property, so that the form of leases used by realtors as well as attorneys is largely standardized. I do find, however, that the line should be drawn *398 somewhere and that at some point the public interest requires that attorney review be available. Counsel for both associations have reconsidered this portion of the settlement and are in agreement that it may be modified so as to call for a notice and attorney review option as to any realtor prepared lease for a term of one year or more. I find this modification to be in the public interest and is to be incorporated into the terms of the settlement.
In summary, I approve the settlement as submitted with the modifications herein discussed. I find it to be a sensible accomodation of the interests of both realtors and attorneys but, most importantly, the settlement is in the public interest and affords adequate protection to purchasers and sellers of residential real estate or lessors and lessees thereof. Judgment will be entered incorporating the terms of the settlement as herein modified and allowing realtors to prepare contracts of sale and leases of residential property in accordance with the terms of the judgment.
Except as permitted by the judgment herein, all realtors will be enjoined from drafting, filling in blanks or preparing contracts for the sale of residential real estate containing one to four dwelling units or vacant one-family lots, and residential dwelling unit leases with a term of one year or more. Such enjoined activity is hereby declared to be the unlawful practice of law. The judgment herein shall become effective only upon approval by the Supreme Court of the State of New Jersey.