NEW JERSEY STATE BAR ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. NEW JERSEY ASSOCIATION OF REALTOR BOARDS, A CORPORATION OF THE STATE OF NEW JERSEY; LEWIS D. BROUNELL, T/A BROUNELL AND KRAMER; HARRY A. WILSON, JR.; VINCENT CAPOBIANCO; R. HERBERT CONNOLLY, T/A RAYMOND CONNOLLY CO.; OLIVER W. HOMER; L.D. EDWARDS AGENCY, INC., A CORPORATION OF THE STATE OF NEW JERSEY; WILLIAM W. SUMMERILL, JR., T/A THE SUMMERILL REALTY CO.; NANCY F. REYNOLDS, T/A NANCY F. REYNOLDS ASSOCIATES AND JOHN A. ROGGE, T/A WALKER-ROGGE CO., DEFENDANTS.

June 28, 1983.

## DECISION AND ORDER

### Modifying and Approving Consent Judgment

These proceedings are before the Court upon the joint application of the parties, New Jersey State Bar Association and New Jersey Association of Realtor Boards, who seek approval of the Final Consent Judgment entered in the Superior Court, Chancery Division, by Justice Mark A. Sullivan, retired and serving

by temporary assignment. The consent judgment was entered on May 5, 1982, pursuant to a decision issued by Justice Sullivan on April 30, 1982. 186 *N.J.Super.* 391. We consider this application under our constitutional powers governing the practice of law. *N.J. Const.* (1947) Art. VI, § II, par. 3; *see R.* 1:21 (regulation of practice of law).

The consent judgment under review, included as an appendix hereto, provides generally that licensed real estate brokers and salespersons shall be permitted to prepare certain types of residential sales and lease agreements if these agreements contain specified provisions. Further, the consent judgment contains prohibitions against such real estate brokers or salespersons engaging in the drafting, preparation or completion of any other types of residential real estate sales or lease agreements. Additional provisions of the consent judgment protect the right of a party to such authorized real estate contracts or leases to obtain attorney review of the proposed agreement and prohibit any waiver, disclaimer, relinquishment or abridgement of that right. The parties have agreed by this consent judgment that its terms and conditions shall become effective only upon the approval of this Court.

The Final Consent Judgment that we are asked to approve is the result of prolonged and difficult proceedings. The background and history are recapitulated in Justice Sullivan's opinion. 186 *N.J.Super.* at 392–94. This lawsuit followed upon the decision of this Court in *State v. Bander,* 56 *N.J.* 196 (1970), which left unresolved the question of whether the particular actions of a real estate broker constituted the unauthorized practice of law contrary to *N.J.S.A.* 2A:170–78. In this action the plaintiff initially sought a judicial order declaring that various activities of the licensed real estate brokers and salespersons constituted the unauthorized practice of law. Following joinder of issues and the commencement of trial, the parties embarked upon extensive and constructive negotiations that led

to an adjustment of their dispute. Since consensual resolution of the controversy would necessarily implicate the question of whether particular conduct would be considered by this Court to constitute the unauthorized practice of law, it was clear that Court approval would be required. Recognizing this fact, Justice Sullivan discontinued the trial and scheduled public hearings on the proposed settlement with notice to class members pursuant to R. 4:32–4, and to the bar and general public. The public hearings combined with the trial testimony and evidence served to develop an adequate record for purposes of the discharge of this Court's regulatory responsibility over the practice of law and its rule-making authority pursuant to the Constitution. It is this responsibility and authority that are invoked by the application to approve the consent judgment.

The record below supports the conclusion reached by Justice Sullivan that the settlement, as modified herein, will protect the public interest and can be approved by this Court. Justice Sullivan observed in his opinion that

[t]he basic question is how is the public interest best served. In the sale or lease of residential real property the functions of realtors and attorneys overlap. Many non-lawyers, in connection with their business activities, give advice and do things which have legal consequences. However, this does not necessarily mean that they are engaged in the unlawful practice of law. In the instant case defendants assert without contradiction that "[n]o State in the Country has prohibited Brokers from completing form contracts in connection with residential property sales." Justice Jacobs, in *N.J. Bar Ass'n v. North N.J. Mtg. Assocs.,* 32 *N.J.* 430 (1960), noted that:

It is, of course, clear that the practice of law is not confined to litigation but extends to legal activities in many non-litigious fields which entail specialized knowledge and ability. [Citing cases]. Oftentimes the line between such activities and permissible business and professional activities by non-lawyers is indistinct. See *Auerbacher v. Wood,* 139 *N.J.Eq.* 599 (Ch.1947), affirmed 142 *N.J.Eq.* 484 (E. & A.1948). In the *Auerbacher* case Justice Heher noted that what constitutes the practice of law does not lend itself "to precise and all-inclusive definition" and that some fields may "in some areas" properly overlap the law. [at 437]

A realtor's function in selling (or leasing) residential real property falls into this area. The evidence at trial showed that, in New Jersey, most contracts for

> the sale of residential property are originally prepared by the realtors who negotiated the sales. The proofs also showed a widespread practice among realtors of including an attorney review option clause in such contracts. The proposed settlement accommodates the interests of realtors and attorneys by allowing the realtor to consummate the contract phase of the transaction, with attorneys handling the actual transfer of title. Most importantly, however, it serves to protect the public interest by making the contract subject to prompt attorney review if either buyer or seller so desires. [186 *N.J.Super.* at 396].

■ We conclude that approval of this settlement is appropriate. The activities to be undertaken by realtors pursuant to the settlement agreement will not transgress unduly upon the practice of law. To the extent that there is an inevitable or unavoidable overlap between the realty and legal professions, the public's interest is safeguarded through the settlement's attorney review provisions and the Court's continuing supervisory control. We find significance in the fact that the settlement implicates and addresses concerns that go beyond the direct and immediate interests of the primary professional associations, who are parties to the litigation and have consented to the judgment of settlement. In addition to all interested members of the class having been advised of the proposed settlement, others have been permitted to participate in its adoption. Both the Attorney General and the Public Advocate, whose sole concerns in this matter are the protection of the public, have recognized that the public welfare can be reasonably accommodated and safeguarded through an agreement settling the matters in dispute (although each would have preferred certain additional modifications or changes). We are satisfied that questions of the interpretation, application, and general adherence to or enforcement of the settlement approved by this judgment that may arise and affect the public interest will be dealt with by the courts in the most appropriate manner under the given circumstances. This includes, of course, the further possible modification of the present accord pursuant to the exercise of the Court's constitutional rule-making authority over the practice of law.

■ One additional aspect of the settlement requires our attention. During the course of the public review process of the proposed Final Consent Judgment, we received comments relating to the conformance of certain aspects of the settlement to the requirements of the Plain Language Law, *N.J.S.A.* 56:12–1 to –13. This was a particular concern of the Public Advocate and the State Bar Association's Committee on Plain Language. It was the intent of the parties and the court to adhere to the standards of this enactment, which calls for the expression of consumer contracts in a "simple, clear, understandable and easily readable way." *N.J.S.A.* 56:12–2. Such compliance in this matter will give further assurance that the interests of the public will be properly served through the effectuation of the settlement. Accordingly, Paragraphs 1 and 2 of the Final Consent Judgment are modified as follows:

1. Real estate brokers and salespersons licensed by the New Jersey Real Estate Commission shall be permitted to prepare contracts for the sale of residential real estate containing one-to-four dwelling units and for the sale of vacant one-family lots in transactions in which they have a commission or fee interest, PROVIDED that every such contract shall contain conspicuously at the top of the first page the following language:

THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS. DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL THE CONTRACT. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.

and shall also contain the following language within the text of every such contract:

ATTORNEY REVIEW:

1. *Study by Attorney*

The Buyer or the Seller may choose to have an attorney study this contract. If an attorney is consulted, the attorney must complete his or her review of the contract within a three-day period. This contract will be legally binding at the end of this

three-day period unless an attorney for the Buyer or the Seller reviews and disapproves of the contract.

## 2. *Counting the Time*

You count the three days from the date of delivery of the signed contract to the Buyer and the Seller. You do not count Saturdays, Sundays or legal holidays. The Buyer and the Seller may agree in writing to extend the three-day period for attorney review.

## 3. *Notice of Disapproval*

If an attorney for the Buyer or the Seller reviews and disapproves of this contract, the attorney must notify the Broker(s) and the other party named in this contract within the three-day period. Otherwise this contract will be legally binding as written. The attorney must send the notice of disapproval to the Broker(s) by certified mail, by telegram, or by delivering it personally. The telegram or certified letter will be effective upon sending. The personal delivery will be effective upon delivery to the Broker's office. The attorney should also inform the Broker(s) of any suggested revisions in the contract that would make it satisfactory.

2. Real estate brokers and salespersons licensed by the New Jersey Real Estate Commission shall be permitted to prepare leases for a term of one year or more for residential dwelling units in transactions in which they have a commission or fee interest, PROVIDED that such leases shall contain conspicuously at the top of the first page the following language:

THIS IS A LEGALLY BINDING LEASE THAT WILL BECOME FINAL WITHIN THREE BUSINESS DAYS. DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL THE LEASE. SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.

and shall also contain the following language within the text of every such lease:

ATTORNEY REVIEW:

1. *Study by Attorney*

The Tenant or the Landlord may choose to have an attorney study this lease. If an attorney is consulted, the attorney must complete his or her review of the lease within a three-day period. This lease will be legally binding at the end of this three-day period unless an attorney for the Tenant or the Landlord reviews and disapproves of the lease.

2. *Counting the Time*

You count the three days from the date of delivery of the signed lease to the Tenant and the Landlord. You do not count Saturdays, Sundays or legal holidays. The Tenant and the Landlord may agree in writing to extend the three-day period for attorney review.

3. *Notice of Disapproval*

If an attorney for the Tenant or the Landlord reviews and disapproves of this lease, the attorney must notify the Broker(s) and the other party named in this lease within the three-day period. Otherwise this lease will be legally binding as written. The attorney must send the notice of disapproval to the Broker(s) by certified mail, by telegram, or by delivering it personally. The telegram or certified letter will be effective upon sending. The personal delivery will be effective upon delivery to the Broker's office. The attorney should also inform the Broker(s) of any suggested revisions in the lease that would make it satisfactory.

It is our decision that the Final Consent Judgment, as modified by this decision, merits our approval. Notwithstanding the fact that the judgment below has been modified only in its form and manner of expression rather than in substance, the parties shall be given a further opportunity to consent to the judgment as modified. Upon the Court being advised of that consent, the judgment shall become effective and the within proceedings dismissed.

So Ordered.

478

FILED
MONMOUTH COUNTY
MAY 5 1982

*Jane G. Clayton*
County Clerk

```
GREENBAUM, GREENBAUM, ROWE & SMITH    ROSEN, GELMAN & WEISS
Engelhard Building                    Gateway One
Woodbridge, New Jersey 07095          Newark, New Jersey 07102
(201) 549-5600                        (201) 622-0700
Attorneys for Defendant               Attorneys for Plaintiff
```

```
-------------------------------------X
NEW JERSEY STATE BAR ASSOCIATION   :       SUPERIOR COURT
                                           OF NEW JERSEY
                    Plaintiff, :           CHANCERY DIVISION
                                           MONMOUTH COUNTY
           vs.                     :
                                           DOCKET NO. C-3696-70
NEW JERSEY ASSOCIATION OF REALTORS, :
et al.                                       CIVIL ACTION
                                   :
                    Defendant.               FINAL CONSENT
                                   :           JUDGMENT
-------------------------------------X
```

This matter being brought before the Court on the joint application of Rosen, Gelman & Weiss, a professional corporation (George B. Gelman and Jill Haley, Esqs., appearing), attorneys for the plaintiff, and Greenbaum, Greenbaum, Rowe & Smith, Esqs. (Arthur M. Greenbaum and Bennet D. Zurofsky, Esqs., appearing), attorneys for the defendants, and the Court having reviewed the pleadings filed herein, the pretrial orders dated, respectively, October 2, 1975 and February 10, 1982, and

the trial briefs of the parties; and the Court having entered an order on February 17, 1982 certifying this action as a class action as to all real estate brokers and salesmen licensed by the New Jersey Real Estate Commission, and due notice thereof having been published in accordance with the order and the Rules of Court; and the trial of the action having commenced before the Court sitting without a jury on March 22, 1982 and having been recessed on March 25, 1982 pending the entry of this Final Consent Judgment; and the Court having heard the statements of counsel in support of the resolution of the issues in controversy in this action by the entry of this Final Consent Judgment, subject to the approval of the Supreme Court of New Jersey as hereinafter set forth; and the Court being of the opinion that the terms and conditions of this Final Consent Judgment represent a reasonable and just balancing of the interests of the respective parties and will inure to the benefit of the public-at-large;

It is on this 5th day of May, 1982,

ORDERED AND ADJUDGED AS FOLLOWS:

1. Real estate brokers and salesmen licensed by the New Jersey Real Estate Commission shall be permitted to prepare contracts for the sale of residential real estate containing one-to-four dwelling units and for the sale of vacant one-family lots in transactions in which they have a commission or fee interest, PROVIDED that every such contract shall contain conspicuously at the top of the first page the following language:

THIS IS A LEGALLY BINDING CONTRACT SUBJECT TO REVIEW BY AN ATTORNEY OF YOUR CHOICE, IF YOU SO ELECT, WITHIN THE TIME SET FORTH BELOW.

and shall also contain the following language within the text of every such contract:

ATTORNEY REVIEW. If Buyer or Seller elects to consult an attorney, this contract shall be subject to such attorney's review of all of its terms and conditions within three (3) business days (exclusive of Saturdays, Sundays and legal holidays) from the date of the delivery of the signed contract to the Buyer and Seller. If neither Buyer nor Seller exercises the right to have an attorney review this contract within the time permitted, this contract will be legally

binding as written. If the attorney for the Buyer or Seller disapproves of this contract he must notify the Broker(s) and other party named in this contract within the time permitted, otherwise this contract will be legally binding as written. An attorney's notice of disapproval shall be served upon the Broker(s) either by certified mail or telegram, effective upon sending, or by personal delivery, effective upon receipt. The parties may agree in writing to extend the time for attorney review.

It is recommended that the Broker(s) be immediately informed of any revisions suggested by the attorney(s).

2. Real estate brokers and salesmen licensed by the New Jersey Real Estate Commission shall be permitted to prepare leases for a term of one year or more for residential dwelling units in transactions in which they have a commission or fee interest, PROVIDED that such leases shall contain conspicuously at the top of the first page the following language:

THIS IS A LEGALLY BINDING LEASE SUBJECT TO REVIEW BY AN ATTORNEY OF YOUR CHOICE, IF YOU SO ELECT, WITHIN THE TIME SET FORTH BELOW.

and shall also contain the following language within the text of every such lease:

ATTORNEY REVIEW. If Tenant or Landlord elects to consult an attorney, this lease shall be subject to such attorney's review of all of its terms and conditions within three (3) business days (exclusive of Saturdays, Sundays and legal holidays) from the date of the delivery of the signed lease to the Tenant and Landlord. If neither Tenant nor Landlord exercises the right to have an attorney review this lease within the time permitted, this lease will be legally binding as written. If the attorney for the Tenant or Landlord disapproves of this lease he must notify the Broker(s) and other party named in this lease within the time permitted, otherwise this lease will be legally binding as written. An attorney's notice of disapproval shall be served upon the Broker(s) either by certified mail or telegram, effective upon sending, or by personal delivery, effective upon receipt. The parties may agree in writing to extend the time for attorney review.

It is recommended that the Broker(s) be immediately informed of any revisions suggested by the attorney(s).

3. Real estate brokers and salesmen licensed by the New Jersey Real Estate Commission shall be permitted to prepare leases for a term of less than one year for residential dwelling units in transactions in which they have a commission or fee interest without being required to include in such leases the language referred to in Paragraph 2 of this Final Consent Judgment.

4. Except as set forth in paragraphs 1, 2 and 3 of this Final Consent Judgment, all real estate brokers and salesmen licensed by the New Jersey Real Estate Commission are hereby permanently enjoined and restrained from drafting, filling in blanks or preparing contracts for the sale of residential real estate containing one-to-four dwelling units, contracts for the sale of vacant one-family lots, and residential dwelling unit leases with a term of one year or more. The drafting or preparation of any sales contracts for residential real estate containing one-to-four dwelling units or vacant one-family lots or leases for residential dwelling units except as provided herein shall constitute the unauthorized practice of law.

5. The right of the Buyer and Seller, or Landlord and Tenant, under any contract for the sale of real estate or lease (subject to the provisions of paragraphs 1 and 2, respectively, of this Final Consent Judgment) to obtain attorney review of the contract of sale or lease shall not be waived, disclaimed, relinquished or abridged, and real estate brokers and salesmen licensed by the New Jersey Real Estate Commission are permanently enjoined and restrained from preparing or assisting in any manner in the preparation of any written instrument, the intended effect of which would be to waive, disclaim, relinquish or abridge the right of the parties to such contract of sale or lease to obtain attorney review thereof.

6. Nothing contained in this Final Consent Judgment shall require or compel any member of the public-at-large to employ, utilize or seek the assistance of an attorney in connection with the sale, purchase or lease of any residential real estate.

7. The required language set forth in Paragraphs 1 and 2 of this Final Consent Judgment is declared and adjudged to be in accordance with the requirements of the New Jersey Plain Language Law, *N.J.S.A.* 56:12–1 *et seq.*

8. The terms and conditions of this Final Consent Judgment shall become effective upon approval by the Supreme Court of

the State of New Jersey at such time, place and manner as the Supreme Court of New Jersey shall direct.

9. The New Jersey State Bar Association and the New Jersey Association of Realtors shall give notice of this Final Consent Judgment to their respective members and shall cooperate in sponsoring joint programs and seminars to familiarize their memberships with the provisions of this Final Consent Judgment.

/s/ Mark A. Sullivan
Mark A. Sullivan, J.
(Temporarily Assigned)

Consented to as to
substance and form

/s/ George B. Gelman
George B. Gelman, Esq.
ROSEN, GELMAN & WEISS
Attorneys for the Plaintiff

/s/ Arthur M. Greenbaum
Arthur M. Greenbaum, Esq.
GREENBAUM, GREENBAUM, ROWE & SMITH
Attorneys for the Defendants

SCHREIBER, J., dissenting.

The Court is sanctioning the practice of law by realtors whose conduct in most cases will not have been reviewed by a member of the bar. When that occurs, the parties will never have had an attorney's advice on the legal consequences of provisions to which they have agreed or on the legal consequences of the failure to have included provisions needed for their protection. Because the Court-approved settlement disserves the public interest, I must dissent.

In *State v. Bander,* 56 *N.J.* 196 (1970), this Court questioned whether a real estate broker, who filled in and added a few clauses to a Blumberg form for the sale of real property, had engaged in the unauthorized practice of law. It concluded that "the problem has so many ramifications that it could not be

intelligently considered on the present record." *Id.* at 202. The Court suggested that an answer might be obtained in a separate suit so that "a complete and detailed record could be made disclosing, *inter alia,* the extent, length of existence, effect and result of the performance of similar acts by real estate brokers generally and the public need for such service." *Id.* at 202–03. This action was instituted in response to that suggestion. Rather than resolving the issue posed in *Bander* in the manner suggested, the parties entered into a settlement with far broader ramifications, conditioned on this Court's approval.

This Court in approving the settlement has gone far beyond the issue stated in *Bander.* Now realtors may not only fill in a form, but also negotiate and draft the entire contract for the sale of any residential property up to and including four-family houses as well as leases of any duration for residential units. The Court implicitly acknowledges that the realtors will be practicing law, as well it must. *See Cape May Cty. Bar Ass'n v. Ludlam,* 45 *N.J.* 121, 124 (1965); *New Jersey State Bar Ass'n v. Northern N.J. Mtge. Assocs.,* 32 *N.J.* 430, 444 (1960).

This settlement countenances the practice of law by those not qualified as lawyers. In approving this settlement the Court ignores the public interest in ensuring that only licensed practitioners provide legal advice. Admission to the bar is a privilege granted in the public interest for the purpose of protecting "the unwary and ignorant from injury at the hands of persons unskilled or unlearned in the law." *New Jersey State Bar Ass'n v. Northern N.J. Mtge. Assocs.,* 22 *N.J.* 184, 195 (1956). [T]he licensing of law practitioners is not designed to give rise to a professional monopoly, but rather to serve the public right to protection against unlearned and unskilled advice and service in matters relating to the science of the law." *Auerbacher v. Wood,* 142 *N.J.Eq.* 484, 486 (E. & A.1947).

The settlement upon which this Court puts its imprimatur clashes with the protection to which the public is entitled. I do not accept the underlying assumptions in the settlement that the few provisions to be inserted in some residential sales and lease

agreements are an adequate safeguard of interests that the Court should seek to protect.

A written warning at the top of the first page that a party "may choose to consult an attorney who can review and cancel the contract" can scarcely serve as an adequate safeguard. Leases of less than one year need not even contain that language.[1] In those situations where the language appears, what assurance is there that the purchaser or seller will read the contract or that the realtor will read that advice to the parties? The realtor is interested in making the sale and earning his commission. It is natural for him to gain his customer's confidence and trust and to encourage the parties to sign the contract. It is also easy to assure the lay person that an attorney is not needed and that the seller or buyer should avoid an unnecessary cost. Indeed, the realtor will frequently arrange for the financing, advising the purchaser that the lending institution's attorney will protect his interest.

Until today we have almost uniformly adhered to our rule that "[n]o person shall practice law in this State unless he is an

---

[1]Because the Court is requiring that leases of residential units for one year or more contain this provision, I would agree with the Public Advocate that the proviso should be inserted in all written leases. He writes:

> From a legal point of view, if a realtor's preparing a one year lease is potentially unauthorized practice of law, against which consumers need to be protected by the opportunity to interpose the judgment of a lawyer, there seems to be no rational basis for concluding that a realtor's preparation of a six-month lease or a month to month lease is not also potentially unauthorized practice of law. Many residential tenants live for years under the terms of month-to-month leases. These leases often contain provisions that are illegal or highly disadvantageous to the tenant. The opportunity to consult a lawyer before such a lease becomes effective would be advantageous to a prospective rentor faced with a month-to-month or short-term lease.
> It is worth noting that, with the growing availability of prepaid legal service plans, more and more prospective rentors will have access to lawyers at modest cost for just this type of "preventive law" consultation. The increased availability of these services means that extension of the protections ... to shorter-term leases is likely to have practical value.

attorney, holding a plenary license to practice in this State
...." *R.* 1:21–1(a). The exceptions have been limited to
members of the bar of other states, *R.* 1:21–2 and *R.* 1:21–3(d),
and to third year law students and law school graduates serving
a legal aid society, legal services project, or an agency of
municipal, county or state government. *R.* 1:21–3(c). In each
of these limited areas, the legal practice or activity is carried on
by a person with substantial legal training under the supervision
of a member of the bar in good standing. Such supervision is
nonexistent in this settlement.

This is not to say that under some circumstances it may not be
practical and feasible for the realtor to prepare some documents
incident to real estate transactions at the request of his custom-
ers. However, it should be remembered that the contract with
its many terms and conditions is probably the most important
document in the entire transaction from the point of view of the
parties. If a line must be drawn within which realtors may
practice law, it would seem appropriate that it depend on the
subject matter of the advice and the nature of the realtor's acts,
rather than the type of structure to be conveyed.

Furthermore, as set forth in the settlement, the attorney is
the only one who can cause the revocation of the contract or
lease. Why the attorney, and not the party, should be given
that power is unclear. Vesting the attorney rather than the
individual with the power of revocation means that when a
party changes his mind about a transaction he must engage a
lawyer. Thus the protection of unilateral rescission will only be
available for those individuals who are willing to pay and can
afford to hire an attorney. Moreover, there is merit in the
comment of Legal Services of New Jersey, Inc., when it writes:

> "Attorney disapproval" seems to place the entire burden of decision on the
> attorney, which would be highly questionable ethically and undesirable as a
> practical matter. The attorney may think certain provisions are unwise or loose,
> but for any number of reasons be unwilling to take a rigid stand of disapproval.
> Since the client should be the one making the ultimate decision, it would be
> better to have the communication expressed in terms of rejection by the client,
> rather than disapproval by the attorney ....

Indeed, the clause is unclear as to whether the right of revocation depends upon the attorney's reason, if any. If that reason may simply be the client's desire to withdraw from the transaction, why must the individual engage an attorney and why should that not be made clear on the face of the instrument? The line drawn within which realtors may practice law seems to have been determined by the economic interests of the realtors and attorneys, rather than societal interests. Those who will be subject to the unauthorized practice of law are mostly low and moderate income individuals who are buying or leasing homes. However, only when the financial stakes are likely to be higher must the realtor step aside to be replaced by the attorney.

This case was settled during the third day of trial. The record which the *Bander* opinion called for has not been made. That record should be completed. The Court should determine the conduct to be interdicted as the unauthorized practice of law in light of the public interest, rather than acquiescing in the settlement of the controversy.

*For affirmance as modified*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER and POLLOCK—4.

*Dissenting*—Justice SCHREIBER—1.