641 A.2d 1054

HARRY BASSFORD, PLAINTIFF–APPELLANT, v. TRICO MORTGAGE CO., INC., DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 8, 1994—Decided April 12, 1994.

Before Judges BRODY, STERN and KEEFE.

*William A. Thompson,* III argued the cause for appellant.

*Walter E. Thomas, Jr.* argued the cause for respondent (*Stern, Lavinthal, Norgaard & Daly,* attorneys; *Bennett M. Stern,* of counsel and on the brief).

PER CURIAM.

Plaintiff Harry Bassford appeals from the entry of summary judgment issued in favor of defendant Trico Mortgage Co., Inc. (Trico) after the parties cross-moved for summary judgment. The sole issue presented to the Law Division judge was whether an attorney review clause was required in a contract for the sale of real estate sold pursuant to a private auction.

After considering the parties' briefs and entertaining oral argument, Law Division Judge Travis L. Francis concluded in a written opinion that an attorney review clause was not required under these circumstances. *Bassford v. Trico Mortgage Co., Inc.,* 273 *N.J.Super.* 379, 641 *A.*2d 1132 (Law Div.1993). We affirm essentially for the reasons stated by Judge Francis in his opinion, but add the following comments in view of the issues presented by Bassford on appeal.

The Law Division judge was correct in concluding that there was no genuine issue of fact presented by the certifications

filed in the case. Bassford's failure to reply to the Trico representative's certification, stating that it was the Trico representative who supervised the completion of the form contract, can fairly be interpreted as a concession by Bassford that he had assumed incorrectly that a representative of the auction company was the one who performed that function. Thus, we are satisfied that the Sheldon Good & Company representative, who must by definition be a licensed broker or a salesman, *N.J.S.A.* 45:15–1 *et seq.*, acted solely as an auctioneer and not a preparer of the contract as contemplated by *Calvert v. K. Hovnanian at Galloway IV, Inc.,* 247 *N.J.Super.* 518, 589 *A.*2d 1049 (App.Div.1991), *aff'd,* 128 *N.J.* 37, 607 *A.*2d 156 (1992). Because the Trico representative who supervised Bassford's completion of the contract was not a licensed real estate broker or salesman, we need not decide whether licensed real estate brokers or salesmen acting as auctioneers are exempt from the provisions of *New Jersey State Bar Ass'n v. New Jersey Ass'n of Realtor Boards,* 186 *N.J.Super.* 391, 452 *A.*2d 1323 (Ch.Div.1982), *aff'd as modified,* 93 *N.J.* 470, 461 *A.*2d 1112 (1983), when they participate in the completion of a contract executed by a successful bidder at an auction sale.

■ We reject Bassford's alternative argument, advanced in his reply brief, that we should come to the same result as the *Calvert* court did even though the Trico employee was not a licensed real estate salesperson because the "same concerns" exist under these circumstances as existed in *Calvert.* It must be remembered that the rationale that undergirded the Supreme Court's decision in the *New Jersey State Bar Ass'n* case was to regulate the unauthorized practice of law by real estate brokers and salespersons. *New Jersey State Bar Ass'n v. New Jersey Ass'n of Realtor Boards,* 93 *N.J.* 470, 472–73, 461 *A.*2d 1112 (1983). Bassford cites no authority, and we can find none, for the proposition that a company employee, such as Trico's employee in this case, is engaged in the unauthorized practice of law simply by overseeing the completion of a form contract where the information to be inserted in the contract is for the most part dictated by the amount of the

successful bid, and where the terms for payment of the balance of the purchase price are selected by the bidder.

Affirmed.