FREDERICK W. APPELL, PLAINTIFF-APPELLANT, v. ROBERT J. REINER AND ELSIE REINER, HIS WIFE, DEFENDANTS-RESPONDENTS.

Argued September 22, 1964—Decided October 19, 1964.

*Mr. Harold J. Brown* argued the cause for plaintiff-appellant (*Messrs. Joyce & Brown,* attorneys; *Mr. Harold J. Brown,* of counsel).

*Mr. Martin J. Kole* argued the cause for defendants-respondents.

The opinion of the court was delivered by

HANEMAN, J. Plaintiff, a New York lawyer, who has not been admitted to the New Jersey Bar, furnished legal services to defendants, New Jersey residents, in a matter involving the extension of credit and the compromise of claims held by New York and New Jersey creditors. In consideration for such services plaintiff was given two promissory notes secured by two mortgages. Plaintiff filed a complaint for foreclosure alleging default in payment. The Chancery Division granted defendants' motion for dismissal at the end of plaintiff's case and directed the cancellation of the promissory notes and the

discharge of the lien of the mortgages. *Appell v. Reiner,* 81 *N. J. Super.* 229 (*Ch. Div.* 1963).

The Chancery Division concluded that there could be no recovery for services rendered in connection with the negotiations with New Jersey creditors because they constituted the illegal practice of law in this State. It reasoned that since the New York and New Jersey transactions were admittedly so interwoven as to constitute an inseparable whole, the illegality of the New Jersey facet infected the entire contract and hence plaintiff was not entitled to any compensation. Plaintiff appealed to the Appellate Division. The appeal was certified to this court on its own motion, pursuant to *R. R.* 1:10–1.

We are in accord with the factual findings and generally in accord with the basic law concerning attorney and client as delineated in the Chancery Division opinion. However, we disagree with the final legal conclusion reached therein.

Plaintiff represented Robert Reiner in a contest in New York of the will of the latter's father. At a conference in plaintiff's New York office, Robert advised plaintiff that a proposed settlement of that litigation would be of little if any benefit to him because of the pressure for payment by creditors of Reintex, Inc., for whose debts he was liable. Reintex, Inc. is a corporation of New Jersey whose place of business is located in Rochelle Park. It is to all intents and purposes the *alter ego* of Robert. He also stated that his wife Elsie was involved as an endorser of a promissory note of that corporation. Plaintiff testified that Robert and Elsie having requested him to advise and assist them in their financial dilemma, he agreed to act as their attorney. Thus, plaintiff undertook to attempt to solve the financial difficulties which involved Elsie and Robert Reiner, residents of New Jersey, and Reintex, Inc. The various individual and collective debts and obligations of defendants and Reintex, Inc. were so intertwined as to constitute an inseparable unit, or, to quote counsel, their financial problems coalesced into "one ball of wax." A substantial item was the debt owed to The Chemstrand Corporation, whose offices were located in New York City. This indebtedness con-

stituted more than 50% of the total obligations of the three. The balance of the creditors were located in New Jersey.

There is no doubt that plaintiff's activities in New York and New Jersey constituted the practice of law. It is admitted that the negotiations and legal services furnished in the Chemstrand matter could properly and legally have been accomplished by New York counsel. The question which we must decide, however, is whether New York counsel should have restricted his representation to that New York creditor.

The Chancery Division correctly delineated the generally controlling principle that legal services to be furnished to New Jersey residents relating to New Jersey matters may be furnished only by New Jersey counsel. We nevertheless recognize that there are unusual situations in which a strict adherence to such a thesis is not in the public interest. In this connection recognition must be given to the numerous multi-state transactions arising in modern times. This is particularly true of our State, situated as it is in the midst of the financial and manufacturing center of the nation. An inflexible observance of the generally controlling doctrine may well occasion a result detrimental to the public interest, and it follows that there may be instances justifying such exceptional treatment warranting the ignoring of state lines. This is such a situation. Under the peculiar facts here present, having in mind the nature of the services to be rendered, the inseparability of the New York and New Jersey transactions, and the substantial nature of the New York claim, we conclude that plaintiff's agreement to furnish services in New Jersey was not illegal and contrary to public policy.

It must be remembered that we are not here concerned with any participation by plaintiff in a court proceeding. What is involved is the rendering of advice and assistance in obtaining extensions of credit and compromises of indebtedness. It is self-evident that many difficulties and conflicts would have been encountered in the solution of the tangled and interwoven elements of defendants' financial dilemma had the New Jersey facets been under the control of New Jersey counsel

and the New York problems under the supervision of New York counsel. Under the peculiar circumstances here present, independent negotiations by members of different bars, even though cooperating to the greatest extent, would be grossly impractical and inefficient. Additionally, had defendants been obliged to retain second counsel in New Jersey the ultimate aggregate fees would in all probability have exceeded the reasonable compensation to which plaintiff would legitimately be entitled in acting as their sole representative. This additional financial burden is, if possible, to be avoided.

The judgment of dismissal is therefore reversed. On the remand defendants, of course, will be entitled to adduce evidence to dispute the factual allegations we have accepted as true for the purpose of this appeal, and the alleged reasonableness of plaintiff's charges. Defendants will as well be entitled to adduce evidence to sustain their pleaded defense that plaintiff is barred from recovery because the mortgages were created by him with the intent to defraud or hinder defendants' creditors.

FRANCIS, J. (dissenting). In my view this matter was primarily a New Jersey one. Reintex, Inc. is a corporation of this State and its place of business is here. Robert Reiner and his wife, owners of all but possibly one share of its stock, have been and are now local residents. All of the financial difficulties of the corporation and of Reiner and his wife involved New Jersey obligations and local creditors except one, the debt due The Chemstrand Corporation. In my judgment the Chemstrand obligation was simply an incidental part of the over-all problem. Accordingly, I believe a New Jersey attorney was required for all legal services rendered except for those furnished in New York in bringing about the settlement of the Chemstrand claim. In fact, if a New Jersey attorney had been engaged originally, and if as an incident of his activities in solving the Reiners' financial dilemma, he settled the Chemstrand aspect of it, he would have been justified in including a charge for the service even though the work was

done in New York. By the same token, if the basic situation were reversed and the Chemstrand company were located in New Jersey with all other major aspects of the matter sited in New York, interstate comity would sanction inclusion of a charge by the New York attorney for the work done in New Jersey in settling the out-of-state claim.

I recognize that New Jersey's location makes inevitable occasional bistate involvements of the kind now before us. An accommodation must be worked out to govern such situations, which will serve the public need for representation in the handling of New Jersey legal problems by persons who are trained in the law of this State, *i. e.,* duly licensed members of our bar. Regulation of the interests of the public and the bar requires a rule of general application. In cases such as we have here, the only fair and workable rule is one which recognizes that the client's matter is primarily a New Jersey one and calls for the engagement of a member of our bar for the legal services to be rendered here. And, in that connection, in the interest of interstate amity, if an out-of-state attorney renders legal services in New Jersey which are a minor or incidental part of a total problem which has its principal and primary aspects in his state, he should be allowed to recover in our courts for the work done in this jurisdiction.

Under the circumstances I would remand the cause to the Chancery Division to fix a reasonable fee for the services rendered by plaintiff in settling the Chemstrand debt in New York. Except for that modification, my vote is to affirm the defendants' judgment.

SCHETTINO, J., joins in this dissent.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, PROCTOR, HALL and HANEMAN—5.

*For affirmance and modification* — Justices FRANCIS and SCHETTINO—2.