86 N.J. Super. 515 (1965)
207 A.2d 343
FREDERICK W. APPELL, PLAINTIFF,
v.
ROBERT J. REINER AND ELSIE REINER, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 18, 1965.
*516 Messrs. Joyce & Brown, attorneys for plaintiff (Mr. Harold J. Brown, of counsel).
Mr. Martin J. Kole, attorney for defendants.
PASHMAN, J.S.C.
The matter presently before the court involves a motion by plaintiff to amend the second pretrial order entered in this cause. The motion raises a question apparently never before decided by the courts of this State, namely whether an action on an underlying debt that is not a bond can be joined with an action to foreclose the mortgage.
The relevant facts pertinent to the present inquiry are as follows. Plaintiff, a New York lawyer, who has not been admitted to the New Jersey Bar, furnished legal services to defendants who are New Jersey residents. These services involved the extension of credit and the compromise of claims held by New York and New Jersey creditors. In consideration for these services, plaintiff received two promissory notes secured by two mortgages. Plaintiff then instituted the instant proceeding to foreclose the two mortgages. The action went to trial, and at the end of plaintiff's case the then trial judge granted defendants' motion to dismiss and directed the cancellation of the promissory notes and the discharge of the lien of the mortgages. Appell v. Reiner, 81 N.J. Super. 229 (Ch. Div. 1963). The rationale underlying the dismissal of plaintiff's action was the trial judge's determination that there could be no recovery for services rendered in connection with the negotiations with New Jersey creditors because this constituted the illegal practice of law in New Jersey.
On appeal, our Supreme Court reversed and remanded holding that:
"Under the peculiar facts here present, * * * plaintiff's agreement to furnish services in New Jersey was not illegal and contrary to public policy." Appell v. Reiner, 43 N.J. 313, 316 (1964).
*517 Pursuant to R.R. 4:29-7, a new pretrial conference was held on December 22, 1964, and a pretrial order was entered which again confined the action to the foreclosure of the two mortgages and defendants' counterclaim seeking cancellation of the notes and mortgages.
Plaintiff now moves to amend the pretrial order to include a demand, in the alternative, for a judgment in favor of plaintiff for $11,082.98 plus interest from June 1, 1961 and costs, said sum being the reasonable value of legal services performed by plaintiff for the defendants. Defendants have opposed the motion on two grounds: (1) an action on the underlying mortgage debt cannot be joined with an action to foreclose the mortgage; and (2) the motion is made too late and attempts to inject a new cause of action not contemplated by the pleadings, either of the pretrial orders, or the Supreme Court when it remanded for a new trial.
Logically, the court should first determine whether the joinder of an action on the underlying debt with a foreclosure proceeding is permissible in this State. Our starting point must be R.R. 4:31-2 which provides in relevant part:
"Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, then, except as provided by law relative to claims secured by a mortgage, the two claims may be joined in a single action; * * *." (Emphasis supplied)
The italicized portion of the above rule is given meaning by N.J.S. 2A:50-2, which sets forth the order of proceedings when both a bond and mortgage have been given for the same debt. This statute provides in relevant part:
"Where both a bond and a mortgage have been given for the same debt, all proceedings to collect the debt shall be:
First, a foreclosure of the mortgage; and
Second, an action on the bond for any deficiency, if, at the sale in the foreclosure proceeding, the mortgaged premises do not bring an amount sufficient to satisfy the debt, interest and costs."
Clearly, if the underlying debt were a bond in the instant case, the joinder which plaintiff seeks would be precluded by *518 N.J.S. 2A:50-2. But the underlying obligations in the case sub judice are notes, not bonds, and this makes all the difference. As nonsensical as it might appear, the statute (N.J.S. 2A:50-1 to 2A:50-51) upon which defendants seek to rely has been held applicable only to bonds and mortgages and not to notes. In affirming 79-83 Thirteenth Ave., Ltd. v. DeMarco, 79 N.J. Super. 47 (Law Div. 1963), which discussed this distinction at length, our Appellate Division somewhat forlornly observed, 83 N.J. Super. 497 (1964):
"We agree that the matter merits the attention of the Legislature, but under the circumstances of this case we can do nothing but affirm." (at p. 499)
Similarly, under the circumstances of the instant case this court has no choice but to adhere to the prevailing law as dictated by our Appellate Division. For this reason, it is the court's conclusion that the joinder of an action on the underlying debt with a foreclosure action is permissible in New Jersey when the debt is not a bond. R.R. 4:31-2.
Since joinder may be permitted in the instant case, the court must now examine the desirability of permitting an amendment to the pretrial order at this late date. The general ground rules governing the new pretrial conference to be held after a remand, are set forth by Justice Francis in Carolyn Schnurer, Inc. v. Stein, 29 N.J. 498 (1959):
"The trial judge has general supervisory authority over the proceeding, and the changing or withdrawal of stipulations previously made but which are not directly affected by the order for the new trial, is not a matter of right but rather one which rests in his sound discretion." (at p. 502)
The court has determined that its discretion should be exercised in favor of permitting plaintiff to amend the new pretrial order. My reasons are simple. For one, the question of the amount and reasonableness of plaintiff's legal services will be before this court in any event. In reversing and remanding *519 the cause, our Supreme Court said, 43 N.J., at p. 317:
"On the remand defendants, of course, will be entitled to adduce evidence to dispute the factual allegations we have accepted as true for the purpose of this appeal, and the alleged reasonableness of plaintiff's charges."
Thus the new pretrial order entered on December 22, 1964 lists among the legal issues to be determined at trial:
"B. What, if anything, do these defendants owe the plaintiff by reason of fees and disbursements for legal services allegedly rendered to them?
C. Is the amount of indebtedness for which the mortgages are being foreclosed actually due the plaintiff?
D. What is the reasonable value of the legal services rendered by plaintiff to defendants?"
Accordingly, the defendants will not be put to any additional inconvenience in preparing or trying their case by the inclusion of plaintiff's alternative demand for the reasonable value of legal services rendered. The issue which plaintiff seeks to add is already part of this case by implication. Now it will be fully and finally determined. And it will be litigated in one action, which hopefully will bring this lengthy legal joust to a conclusion.
Defendants do not contend that plaintiff would be barred from instituting a separate action for the value of his legal services if he is unsuccessful in the instant foreclosure proceeding. Since the court has already held that joinder of the two actions is permissible, the avoidance of a multiplicity of law suits presents an additional reason for granting the instant motion.
Plaintiff's motion is granted. Submit order.