IN THE MATTER OF THE APPLICATION OF THE NEW JERSEY SOCIETY OF CERTIFIED PUBLIC ACCOUNTANTS.

Argued September 10, 1984—Remanded October 11, 1984.

Reargued November 6, 1985—Decided April 14, 1986.

*Elmer M. Matthews* argued the cause for appellant New Jersey Society of Certified Public Accountants.

*Martin L. Wheelwright,* Deputy Attorney General, argued the cause for respondent Committee on the Unauthorized Practice of Law (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *James J. Ciancia,* Assistant Attorney General, and *Deborah T. Poritz,* Deputy Attorney General, of counsel).

*Peter E. Driscoll* argued the cause for *amicus curiae* New Jersey State Bar Association (*Archer & Greiner* and *Brown, Connery, Kulp, Wille, Purnell and Greene,* attorneys).

PER CURIAM.

In this case the New Jersey Society of Certified Public Accountants (CPAs) seeks our review of Opinion No. 10 of the Committee on the Unauthorized Practice of Law (Committee). In that Opinion, the Committee concluded that "the preparation of a[ ] [New Jersey] Inheritance Tax Return requires the appli-

cation of a gamut of legal principles, and [therefore] its preparation by a non-lawyer acting for another, would constitute the unauthorized practice of law." 95 *N.J.L.J.* Index Page 1209 (Nov. 16, 1972). This Court's jurisdiction is invoked pursuant to our supervisory authority over the Committee, *R.* 1:22; *R.* 1:19–8, which in turn derives from our constitutional power to govern the practice of law. *N.J. Const. of 1947* art. VI, § 2, para. 3.

After reviewing the record, we are satisfied that the process of preparing and filing a New Jersey Inheritance Tax Return (Inheritance Tax Return) sufficiently involves legal principles so as to require the exercise of our supervisory authority over the practice of law. Nevertheless, for the reasons set forth in this opinion, we hold that the interests of the public will not be compromised if Opinion No. 10 is modified to allow a limited exception that permits certified public accountants licensed in New Jersey to prepare and file Inheritance Tax Returns.

I

This controversy has its roots in Formal Opinion No. 19, which was issued by Attorney General Richman in April, 1955. That Opinion was a response to an inquiry from the State Treasurer concerning his authority to promulgate regulations designating who may file returns with the Transfer Inheritance Tax Bureau (Bureau). The Attorney General ruled that "[a] person preparing and filing a return must have a thorough knowledge not only of the specific tax law involved but of the statutes and case law dealing with property, wills, deeds, trust[s], family relationships and many other subjects," and therefore determined that the preparation, signing, and filing of a return by a person not licensed to practice law and not acting for the estate in a representative capacity would constitute the unauthorized practice of law. 19 *Op. Att'y Gen.* 4 (1955). Hence, the Attorney General concluded that the State Treasurer "not only may but should refuse to accept a return filed by

an accountant or other person other than an attorney acting in behalf of the legal representative of the estate * * *." *Id.* at 4-5. The Treasurer was advised that he had not only the implied power to regulate the filing of returns because the Legislature had declared the unauthorized practice of law to be an illegal act, *N.J.S.A.* 2A:170-78,[1] but also the express power to formulate and adopt rules and regulations designed to foster the efficient administration of the Department of Treasury. *N.J.S.A.* 52:18A-3, -24, -30(d).

Accordingly, Bureau Regulation IT-25 was adopted in December, 1955. Paragraph 8 of IT-25 provided as follows:

> No District Supervisor, or other employee, shall accept an inheritance tax report on the estate of a resident decedent from or negotiate with any person with regard to resident decedent estate matters unless said estate is represented by:
>
> (a) An Attorney at Law of the State of New Jersey, or
>
> (b) the personal representative of the estate, or
>
> (c) an heir at law, next of kin, grantee, transferee, legatee or devisee of the decedent.
>
> The provisions of this paragraph may be waived by the State Supervisor where in his judgment a strict adherence thereto would jeopardize the collection of any tax due or the closing of the inheritance tax proceeding.

In 1958, paragraph 8 was amended by the addition of the following paragraph:

> Nothing in the provisions of this paragraph is intended to preclude a District Supervisor, or other employee, from discussing accounting problems which may arise in the course of the audit of the New Jersey Inheritance Tax Report with a Certified Public Accountant, provided such Certified Public Accountant is designated for such purpose, in writing, by any of the persons enumerated in (a), (b) or (c) above. Under no circumstances shall a District Supervisor or other employee discuss with a Certified Public Accountant any question of law. The province of such person shall be limited to accounting questions or problems.

Paragraph 8, as modified, was eventually codified as *N.J.A.C.* 18:26-12.2.[2]

---

[1]Saved from repeal by *N.J.S.A.* 2C:98-3.

[2]*N.J.A.C.* 18:26-12.2 provides as follows:

Opinion No. 10 was issued in 1972 in response to a request to the Committee.[3] In 1979, the CPAs requested Attorney General Degnan to review both *N.J.A.C.* 18:26–12.2 and Formal Opinion No. 19. This request was denied in 1980, but the Attorney General recommended that the CPAs seek review of Opinion No. 10 before either the Committee or this Court.

The CPAs requested this Court to review Opinion No. 10 in February, 1984. We granted the petition for review, designating the Attorney General to participate on behalf of the Committee. The order also granted leave to intervene to the New Jersey State Bar Association. After hearing oral argument, we remanded the matter to the Committee to make recommended findings of fact and conclusions of law. We retained jurisdiction.

On remand, the Committee invited written comments as to

---

(a) The Act is administered by the Director through the Transfer Inheritance Tax Bureau of the Division of Taxation in the Department of the Treasury.

1. No Inheritance Tax report on the estate of a resident decedent will be accepted nor negotiation entered into with regard to the estate matters of a resident decedent unless such estate is represented by:

    i. An attorney at law of the State of New Jersey;

    ii. The personal representative of an estate; or,

    iii. An heir-at-law, next-of-kin, grantee, transferee, legatee, or devise[e] of the decedent.

2. Nothing herein is intended to preclude the discussion of accounting problems which may arise in the course of an audit of a New Jersey Inheritance Tax report, with a Certified Public Accountant, provided[ ] such accountant is designated for such purpose, in writing, by any of the persons enumerated in paragraph 1 of this subsection. Under no circumstances may a C.P.A. enter into discussion regarding any question of law;

3. The provisions of this section may be waived by the director where, in his discretion, the strict adherence thereto would jeopardize the collection of any tax due or the closing of an inheritance tax proceeding.

3According to the Attorney General, the Committee's confidential file on Opinion No. 10 reveals that it was prompted by an independent request that made no reference to Formal Opinion No. 19.

Opinion No. 10 and held a hearing [4] attended by a subcommittee of six Committee members. The entire Committee reviewed the record and the recommendations of the subcommittee and issued a written report in which it concluded that:

A. The determination of the Committee is that *Opinion* No. 10 of the Unauthorized Practice of Law Committee remain unchanged and that the preparation of a transfer inheritance tax return by a non-attorney, acting for another, shall continue to constitute the unauthorized practice of law.

B. The Committee recommends that no exemption be granted to certified public accountants, licensed in the State of New Jersey, to permit them to engage in the practice of law by preparing transfer inheritance tax returns.

After receiving the Committee's Report, we solicited additional briefs from counsel and entertained oral argument for a second time.

## II

The practice of law is not subject to precise definition. It is not confined to litigation but often encompasses "legal activities in many non-litigious fields which entail specialized knowledge and ability." *New Jersey State Bar Ass'n v. New Jersey Mortgage Assocs.*, 32 *N.J.* 430, 437 (1960) (citing *Unger v. Landlords' Management Corp.*, 114 *N.J.Eq.* 68, 71 (Ch.1933), and *People ex rel. Illinois State Bar Ass'n v. Schafer*, 404 *Ill.* 45, 51, 87 *N.E.*2d 773, 776 (1949)). Therefore, the line between permissible business and professional activities and the unauthorized practice of law is often blurred. *See, e.g., New Jersey State Bar Ass'n v. New Jersey Ass'n of Realtor Bds.*, 93 *N.J.* 470 (1983) (approving consent judgment authorizing licensed real estate brokers to prepare certain residential sales and lease agreements, subject to right of attorney review); *Auerbacher v. Wood*, 142 *N.J.Eq.* 484 (E. & A. 1948) (rendering services as

---

[4]Among those who testified before the subcommittee were: John Baldwin, Director of the Division of Taxation; Paul M. Kurisko, President of the New Jersey State Board of Accountancy; and William R. Mulholland, Jr., former Superintendent of the Inheritance Tax Branch of the Division of Taxation.

consultant in industrial relations and collective-bargaining techniques held not to constitute the practice of law).

The purpose of our regulation of activities substantially involving the knowledge and application of legal principles is solely " 'to serve the public right to protection against unlearned and unskilled advice in matters relating to the science of the law.' " *In re Education Law Center, Inc.,* 86 *N.J.* 124, 133 (1981) (quoting *Auerbacher v. Wood, supra,* 142 *N.J.Eq.* at 486); *see Cape May County Bar Ass'n v. Ludlam,* 45 *N.J.* 121, 125 (1965); *In re Baker,* 8 *N.J.* 321, 338–39 (1951); *Tumulty v. Rosenblum,* 134 *N.J.L.* 514, 518 (1946); *New Jersey State Bar Ass'n v. Divorce Center of Atlantic County,* 194 *N.J.Super.* 532, 541 (Ch.Div.1984). Accordingly, in cases involving an overlap of professional disciplines we must try to avoid arbitrary classifications and focus instead on the public's realistic need for protection and regulation. As the Minnesota Supreme Court noted in *Gardner v. Conway,* 234 *Minn.* 468, 481, 48 *N.W.*2d 788, 797 (1951), each set of circumstances must be considered "in a common-sense way which will protect primarily the interest of the public and not hamper or burden that interest with impractical and technical restrictions which have no reasonable justification."

The Transfer Inheritance Tax is a tax imposed by the State on the right to receive property from a decedent. *In re Estate of Anne Boyd Lichtenstein,* 52 *N.J.* 553, 559 (1968). Unlike the Federal Estate Tax that taxes the estate of a decedent, the Transfer Inheritance Tax is imposed on the beneficiary, based upon the value of the property received and the relationship of the beneficiary to the decedent. *N.J.S.A.* 54:34–1 to 54:34–13; *see* 1 W. Kane, *New Jersey Inheritance Tax Manual,* § 9 at 2.1 (1984). As to resident decedents, the tax applies to transfers of real and tangible property in New Jersey and intangible property wherever it is situated, *N.J.S.A.* 54:34–1(a); for nonresidents, the tax applies only to transfers of real or tangible property in New Jersey at the time of death. *N.J.S.A.* 54:34–1(b).

We take note of the testimony at the Committee's hearing that dealt with the impact of the recent amendments to the Transfer Inheritance Tax, *L.*1985, *c.* 57. As a result of these amendments, Class "A" transferees (spouses, parents, grandparents, children, and more remote issue), and transfers of less than $25,000 to Class "C" beneficiaries (brothers or sisters of the decedent; spouse of a child of the decedent) will be exempt from the tax after July 1, 1988. Accordingly, it is likely that there will be a significant reduction in the number of returns subject to the inheritance tax, and a probability that transfers from those estates that remain subject to the tax will require more detailed and complex returns than smaller estates involving only Class "A" beneficiaries.

Although Opinion No. 10 oversimplifies the issue by framing it as whether the preparation of the Inheritance Tax Return "merely involves the setting down of figures, or whether the knowledge of law and the application of legal principles are required," 95 *N.J.L.J.* at Index Page 1209, the Opinion emphasizes several aspects of the Inheritance Tax Return that might require knowledge of technical legal principles:

Schedule "A" requires the listing of real estate owned by the decedent. Because different forms of ownership are not taxed or taxed in a different manner, it is imperative that the preparer of the Return know the legal difference between a tenancy by the entirety, a joint tenancy with right of survivorship, or a tenancy in common. For example the inclusion of a tenancy by the entirety in a Return might result in its taxability, whereas it is not only non-taxable but need not be reported. Similarly, a mistake in reporting a joint tenancy as a tenancy in common or vice versa, could result in a greater tax being paid by the estate.

Schedule "B" in dealing with personal property also involves the distinction between joint tenancies and tenancies in common and their taxability. This Schedule also involves legal knowledge in the fields of laws [*sic*] such as corporations, partnerships, closely held corporations, agency, trusts, custodial accounts, contracts (for example Buy and Sell Agreements), etc.

The attorney in preparing the Return obviously needs the assistance of other specialists, for example the real estate appraiser. In Schedule "B", where partnerships or closely held corporations are involved, the attorney would obviously require that an accountant furnish the necessary balance sheets and profit and loss statements as required by the State of New Jersey, and subsequently consultation with the accountant as to valuation.

Schedule "C", with its [ten] questions, involves a myriad of legal interpretations involving transfers, gifts in contemplation of death, inter-vivos trusts, ownerships of property, life insurance and annuities.

Schedule "D" relating to deductions, concerns itself with what deductions are allowed, legal claims against the estate, etc.

Schedule "E" concerns itself with the listing of beneficiaries. However, even in the case of testacy, legal questions could be involved such as the Statute relating to lapses, ademptions, or Statutes relating to taxability such as those dealing with an adopted child or a child in the household of decedent for a specified number of years. In the case of intestacy, there is required a complete knowledge of the laws of descent and distribution and, as a matter of fact, instructions in the Inheritance Tax Return require the listing of the parentage of all collateral heirs. [*Id.*]

Petitioners argue that the preparation of the Inheritance Tax Return is primarily an accounting service, citing *United States v. Lawless*, 709 *F.*2d 485, 487 (7th Cir.1983), and that the incidental use of legal knowledge does not transform an accounting function into the unauthorized practice of law. In support of their position, the CPAs assert that the federal government allows qualified certified public accountants to practice before the Treasury Department and the United States Tax Court, 26 *C.F.R.* § 601.502 (1984), and that a majority of states permits certified public accountants to prepare, sign, and receive a fee for preparing inheritance tax returns.[5]

Other jurisdictions have had difficulty in drawing the line between the appropriate functions of accountants and the unauthorized practice of law. The consensus is that in the context of taxation, "[f]requently the legal and accounting phases are so interrelated, interdependent and overlapping that they are difficult to distinguish." "Statement on Practice in the Field of Federal Income Taxation," Appendix A of the Joint Statement of American Bar Association and American Institute of Certified Public Accountants, *Journal of Accountancy* (Aug. 1982); *see also In re Opinion of the Justices*, 289 *Mass.* 607, 615, 194

---

[5]The New Jersey Inheritance Tax Return does not permit the deductibility of accounting fees. However, as one of the witnesses before the Committee explained, the accountant's fee can be billed to the estate's attorney in order to establish its deductibility as a legal expense.

*N.E.* 313, 318 (1935); *Application of New York County Lawyers Ass'n, (In re Bercu)*, 273 *A.D.* 524, 531, 78 *N.Y.S.*2d 209, 216 (App.Div.1948), aff'd o.b., 299 *N.Y.* 728, 729, 87 *N.E.*2d 451 (1949); Annot., 9 *A.L.R.*2d 787 (1950).

Petitioner concedes that a determination by this Court that the preparation of Inheritance Tax Returns does not constitute the practice of law would create a regulatory void, allowing not only accountants but any untrained layman to prepare such returns. Petitioner acknowledges that regulation of this service is required but contends that the Division of Taxation is the appropriate agency to determine whether an individual is qualified to prepare and file Inheritance Tax Returns.

In resolving this issue, it is essential to recognize that the complexity of any Inheritance Tax Return will depend on numerous factors including the size of the estate, the domicile of the decedent, the nature of the assets constituting the estate, and the plan of disposition. It is indisputable that many estates are sufficiently simple, both with respect to the nature of the assets and the dispositive scheme, that a trained certified public accountant could prepare the Inheritance Tax Return without the assistance of counsel. By contrast, an estate with substantial and diverse property and business interests that uses relatively complex instruments of disposition, such as trusts and powers of appointment, to convey fee and contingent interests to a large group of beneficiaries of varying degrees of consanguinity will doubtless require competent legal advice in the preparation of the return. Between these extremes lies a myriad of estates, varying in complexity and requiring varying levels of professional sophistication in the preparation of the Inheritance Tax Returns.

In view of the almost limitless combinations of property interests, dispositive techniques, and beneficiary categories to which the New Jersey Transfer Inheritance Tax may be applied, we hold that the preparation of an Inheritance Tax Return is, in general, so dependent on the correct application of

legal principles as to require this Court to exercise its supervisory jurisdiction over the practice of law. However, in exercising that jurisdiction we will not impose needlessly restrictive conditions that disserve the public interest. *Cf. Gardner v. Conway, supra,* 234 *Minn.* at 476, 48 *N.W.*2d at 794 (application of "practical criterion distinguishing that which is from that which is not law practice * * * must be closely related to the purpose for which lawyers are licensed as the exclusive occupants of their field."). We recognize that certified public accountants are admitted to practice in this State pursuant to *N.J.S.A.* 45:2B–1 to –12,[6] which provides for a written examination in accounting, auditing, and other related subjects (*N.J.S.A.* 45:2B–7), application procedures for certification (*N.J.S.A.* 45:2B–8), and disciplinary action by the New Jersey Board of Certified Public Accountants for unlawful acts. (*N.J.S.A.* 45:1–2.1 to –27).[7] *See also N.J.A.C.* 13:29–1.1 to –4.1 (general rules and regulations governing the licensing and practice of certified public accountants).

Many certified public accountants are qualified, both by training and experience, to prepare Inheritance Tax Returns for most estates. Recognition of the skills possessed by a substantial number of certified public accountants compels the conclusion that the public interest would best be served by permitting certified public accountants to prepare and file Inheritance Tax

---

[6]The Public Accounting Act of 1977, *N.J.S.A.* 45:2B–1 to –37 (repealed in part by *L.*1979, *c.* 432, § 1, eff. Feb. 14, 1980), took effect in August, 1977. In addition to regulating the licensing of certified public accountants, the Act provides for the registration as public accountants of individuals who practiced full-time public accounting as principals for not less than 12 months prior to the Act, or practiced full-time public accounting as employees for not less than 30 months prior to the Act, and applied for registration within 180 days after the effective date. *N.J.S.A.* 45:2B–13. Accordingly, no individuals have been eligible for registration as public accountants since January, 1968.

[7]At the Committee's hearing, the President of the Board of Accountancy acknowledged that the Board lacked jurisdiction to prevent the preparation of Inheritance Tax Returns by individuals not licensed as certified public accountants.

Returns without the supervision of an attorney, subject to the condition that the client be notified in writing, before the certified public accountant commences work on the return, that review of the return by a qualified attorney may be desirable because of the possible application of legal principles to the preparation of the tax return. Notification to clients concerning the possible need for review of the return by a qualified attorney is essential for the protection of members of the public who might otherwise be willing to rely entirely on the skill of the accountant to protect their interest. Such notification is also consistent with the professional obligation of accountants to perform their services subject to a standard of care commensurate with the skill and knowledge normally possessed by members of their profession in good standing. *Levine v. Wiss & Co.*, 97 *N.J.* 242, 246 (1984) (citing *Restatement (Second) of Torts* § 299A (1965)). An accountant's failure to consult counsel or to advise a client of the need to obtain legal advice with respect to certain Inheritance Tax Returns could constitute a deviation from the accountant's standard of care and result in civil liability. *Cf. Rosenblum v. Adler*, 93 *N.J.* 324, 344 (1983) (accountant engaged in performing services as independent auditor required to exercise normal professional skill and care). We assume that certified public accountants will be aware of the boundaries of their own professional skills and will recommend consultation with counsel whenever the complexities of particular Inheritance Tax Returns indicate that legal advice is desirable. *Cf. Rosenberg by Rosenberg v. Cahill*, 99 *N.J.* 318, 333 (1985) (standard of care applicable to chiropractors imposes a duty "to examine and diagnose a patient to determine whether a condition is appropriate for chiropractic treatment, and, if it is not, to refer the patient to another kind of medical practitioner.").

Accordingly, Opinion No. 10 of the Committee on the Unauthorized Practice of Law is modified to permit the preparation and filing of New Jersey Inheritance Tax Returns by qualified certified public accountants licensed in New Jersey provided

that the accountant notifies the client in writing before work is commenced that review of the return by a qualified attorney may be desirable because of the possible application of legal principles to the preparation of the tax return. As modified, we affirm Opinion No. 10.

*For affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For reversal*—None.