705 A.2d 397

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. PETER ROGERS, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 5, 1998—Decided February 4, 1998.

Before Judges PETRELLA, EICHEN and LESEMANN.

*Ivelisse Torres*, Public Defender, attorney for appellant (*Jacqueline E. Turner*, Assistant Deputy Public Defender, of counsel and on the brief).

*Peter Verniero*, Attorney General, attorney for respondent (*Catherine A. Foddai*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

After his motion to dismiss the indictment was denied, defendant Peter Rogers pled guilty to an amended disorderly persons charge of unauthorized practice of law (*N.J.S.A.* 2C:21–22b(2)) pursuant to a conditional plea agreement that preserved his right to challenge the constitutionality of the statute. Rogers was sentenced to a one year probationary term, a $350 fine, 100 hours of community service, and payment of $870 in restitution. Appropriate penalties were assessed.

On appeal, filed *nunc pro tunc* on leave granted, Rogers argues that the trial judge erred in denying his motion to dismiss the indictment because the statute under which he was charged is void for vagueness, and thus unconstitutional.

The facts giving rise to the conviction may be simply stated. Emely Padilla had been served with a complaint by Citibank

Mortgage Corp. (Citibank) which sought to foreclose on her house. Padilla received a notice dated March 24, 1995, signed by Rogers as President of Express Consolidation, Refinance & Mortgage Consultation, Inc., indicating that the pending foreclosure by Citibank had come to his attention and offering to help the Padillas with the foreclosure on their home by buying the house, solving money problems or refinancing. Padilla responded to the letter and Rogers called Padilla to discuss how his company could help.

Rogers met with Padilla at her home to explain how he was going to help her avoid foreclosure through refinancing her loan or obtaining a buyer for her house. Padilla agreed to pay the equivalent of one month's mortgage payment for these services and signed a contract on May 15, 1995, which stated: "Any fees paid are not to be construed as mortgage application fees, appraisal fees, legal fees or as any fees other than consultation fees and are non-refundable." Apparently Padilla told Rogers that she did not know how to answer Citibank's foreclosure complaint. Rogers explained to her that she had thirty-five days to file an answer. Padilla gave defendant the information he needed to prepare an answer to the complaint. Defendant prepared the answer to the complaint and submitted it to Padilla for her signature. Padilla indicated that defendant filed the answer with the court.

At his plea proceedings, Rogers admitted preparing the answer to the complaint, but stated that he gave it to Padilla to file with the court.

Rogers argues that the statute is facially vague and vague as applied, and therefore, is unconstitutional. *N.J.S.A.* 2C:21–22 states in pertinent part:

b. A person is guilty of a crime of the fourth degree if the person knowingly engages in the unauthorized practice of law and; ...

(2) Derives a benefit ...

Here, Rogers contends that *N.J.S.A.* 2C:21–22(b) is unconstitutionally vague because it fails to define what constitutes the "practice of law." [1]

Generally, a presumption of validity attaches to a duly enacted statute. *Matter of C.V.S. Pharmacy Wayne,* 116 *N.J.* 490, 497, 561 *A.*2d 1160 (1989), *cert. denied,* 493 *U.S.* 1045, 110 *S.Ct.* 841, 107 *L.Ed.*2d 836 (1990); *Piscataway Township Bd. of Educ. v. Caffiero,* 86 *N.J.* 308, 318, 431 *A.*2d 799, *appeal dismissed,* 454 *U.S.* 1025, 102 *S.Ct.* 560, 70 *L.Ed.*2d 470 (1981); *Fried v. Kervick,* 34 *N.J.* 68, 74, 167 *A.*2d 380 (1961). Nevertheless, vague laws are unenforceable under the Federal and State Constitutions. *See U.S. Const.* amend. V; *N.J. Const.* art. I, ¶ 1. The vagueness doctrine is grounded in concepts of fairness, and "requires that a law be sufficiently clear to apprise an ordinary person of its reach." *Matter of CVS Pharmacy of Wayne, supra,* 116 *N.J.* at 500, 561 *A.*2d 1160 (citing *Brown v. City of Newark,* 113 *N.J.* 565, 577, 552 *A.*2d 125 (1989); *State v. Lee,* 96 *N.J.* 156, 165–166, 475 *A.*2d 31 (1984); *Town Tobacconist v. Kimmelman,* 94 *N.J.* 85, 125, 462 *A.*2d 573 (1983)). *See In re Polk License Revocation,* 90 *N.J.* 550, 575, 449 *A.*2d 7 (1982). " 'The underlying principle [is] that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.' " *State v. Lashinsky,* 81 *N.J.* 1, 17, 404 *A.*2d 1121 (1979) (quoting *Colten v. Kentucky,* 407 *U.S.* 104, 110, 92 *S.Ct.* 1953, 1957, 32 *L.Ed.*2d 584, 590 (1972)). The Supreme Court noted in *Town Tobacconist, supra,* 94 *N.J.* at 118, 462 *A.*2d 573:

Clear and comprehensible legislation is a fundamental prerequisite of due process of law, especially where criminal responsibility is involved. Vague laws are unconstitutional even if they fail to touch constitutionally protected conduct, because unclear or incomprehensible legislation places both citizens and law enforcement officials in an untenable position. Vague laws deprive citizens of adequate notice of proscribed conduct ... and fail to provide officials with

---

[1] Defendant limits his appeal to what constitutes the "practice of law" and does not challenge the trial judge's ruling that the term "unauthorized" is not vague. The judge held that the term "unauthorized" is not vague because it is clear "[i]f you practice law without having first been admitted by the Supreme Court, or are exempted by the Court, you are doing so in an unauthorized capacity."

guidelines sufficient to prevent arbitrary and erratic enforcement. (citation omitted).

*See also Papachristou v. City of Jacksonville,* 405 *U.S.* 156, 162, 92 *S.Ct.* 839, 843, 31 *L.Ed.*2d 110, 115 (1972); *Lanzetta v. State of New Jersey,* 306 *U.S.* 451, 453, 59 *S.Ct.* 618, 619, 83 *L.Ed.* 888, 890 (1939).

■ As a matter of due process, if a law is so vague "that persons 'of common intelligence must necessarily guess at its meaning and differ as to its application,' " it is considered void and unenforceable. *Town Tobacconist, supra,* 94 *N.J.* at 118, 462 *A.*2d 573 (quoting *Connally v. General Construction Co.,* 269 *U.S.* 385, 391, 46 *S.Ct.* 126, 127, 70 *L.Ed.* 322, 328 (1926)). Our Supreme Court also has indicated that "[p]enal laws . . . are subjected to sharper scrutiny and given more exacting and critical assessment under the vagueness doctrine than civil enactments." *State v. Cameron,* 100 *N.J.* 586, 592, 498 *A.*2d 1217 (1985).

■ A statute can be challenged as either "facially" vague or vague "as applied." "A statute may be vague facially if 'there is no conduct that it proscribes with sufficient certainty.' " *Matter of C.V.S. Pharmacy Wayne, supra,* 116 *N.J.* at 501, 561 *A.*2d 1160 (quoting *State v. Cameron, supra,* 100 *N.J.* at 593, 498 *A.*2d 1217). If a statute does not prohibit the conduct sought to be proscribed with sufficient clarity it can be challenged "as applied." *State v. Afanador,* 134 *N.J.* 162, 175, 631 *A.*2d 946 (1993). In such case, the relevant question is "whether the statute clearly extends to the acts that the State alleges defendant committed." *Id.* at 165, 631 *A.*2d 946.

Nevertheless, we have noted that "[e]ven if behavior is not susceptible to precise definition, the statute may be constitutional." *State v. Saunders,* 302 *N.J.Super.* 509, 521, 695 *A.*2d 722 (App.Div.), *certif. denied,* 151 *N.J.* 470, 700 *A.*2d 881 (1997). In *State in Interest of B.N.,* 99 *N.J.Super.* 30, 34, 238 *A.*2d 486 (App.Div.1968), where defendant was convicted for violating a municipal ordinance which prohibited "[l]oud, offensive, disorderly, threatening, abusive, or insulting language" we concluded:

[W]here the legislative regulatory objective is appropriate and the conduct intended to be prohibited is not fairly susceptible of definition in other than general language, there is no constitutional impediment to the use of such language. *State v. Dennis,* 80 *N.J.Super.* 411, 418 [194 *A.2d* 3] (App.Div.1963); *United States v. Petrillo,* 332 *U.S.* 1, 67 *S.Ct.* 1538, 91 *L.Ed.* 1877 (1947). That there may be marginal cases in which it becomes difficult to determine the side of a line on which a particular fact situation falls is not a sufficient reason to hold the language too ambiguous to define a penal offense. *State v. Monteleone,* 36 *N.J.* 93, 99 [175 *A.2d* 207] (1961); *State v. New York Central Railroad Co.,* 37 *N.J.Super.* 42, 48 [116 *A.2d* 800] (App.Div.1955).

*See also State v. Lee, supra,* 96 *N.J.* at 166, 475 *A.2d* 31 (stating that the Legislature may address criminal conduct by "prepar[ing] a detailed catalogue of proscribed activities or, within constitutional limits, address[ing] the problem more generally").

 Although the Supreme Court remarked that the "practice of law does not lend itself 'to [a] precise and all-inclusive definition,'" it is clear that the "practice of law" is not limited to litigation, "but extends to legal activities in many non-litigious fields." *New Jersey State Bar Ass'n v. Northern New Jersey Mortgage Associates,* 32 *N.J.* 430, 437, 161 *A.2d* 257 (1960) (quoting in part *Auerbacher v. Wood,* 142 *N.J. Eq.* 484, 485, 59 *A.2d* 863 (E. & A.1948)). Hence, the practice of law is not "limited to the conduct of cases in court but is engaged in whenever and wherever legal knowledge, training, skill and ability are required." *Stack v. P.G. Garage, Inc.,* 7 *N.J.* 118, 121, 80 *A.2d* 545 (1951). What constitutes the practice of law is often required to be decided on a case by case basis because of the broad scope of the fields of law. *See In re Opinion No. 24 of Committee on Unauthorized Practice of Law,* 128 *N.J.* 114, 122, 607 *A.2d* 962 (1992).

 Rogers argues that the statute is facially vague because it does not precisely define any activity. However, merely because a criminal statute fails to define a term will not necessarily render it facially vague, particularly where it is a term of common usage or has a readily ascertainable meaning. *See State v. Afanador, supra,* 134 *N.J.* at 171, 631 *A.2d* 946 (a person of common intelligence can comprehend the meaning of the words "organizer, supervisor, financier or manager"); *see also Arnett v.*

*Kennedy,* 416 *U.S.* 134, 159, 94 *S.Ct.* 1633, 1647, 40 *L.Ed.*2d 15, 36 (1974). In the absence of an express indication that a special meaning is intended, the words used in a statute carry their "ordinary and well-understood meanings." *State v. Afanador, supra,* 134 *N.J.* at 171, 631 *A.*2d 946. Thus, a claimed legislative deficiency in defining a term need not result in a declaration that the statute is void for vagueness. *State v. Cameron, supra,* 100 *N.J.* at 596, 498 *A.*2d 1217; *see also State v. Lee, supra,* 96 *N.J.* at 166, 475 *A.*2d 31 ("[t]hat the prohibited behavior is not susceptible to precise definition need not lead to legislative paralysis").

Certain activities such as a paralegal's work, have been held to constitute the practice of law. *See In re Opinion No. 24, supra,* 128 *N.J.* at 123, 607 *A.*2d 962. *See also Application of New Jersey Soc. of Certified Public Accountants,* 102 *N.J.* 231, 233, 507 *A.*2d 711 (1986) (preparing and filing a New Jersey Inheritance Tax Return constitutes the practice of law); *New Jersey State Bar Ass'n v. New Jersey Ass'n of Realtor Bds.,* 93 *N.J.* 470, 472, 461 *A.*2d 1112 (1983) (consent judgement prohibits real estate brokers from drafting, preparing or completing certain real estate agreements); *In re Estate of Margow,* 77 *N.J.* 316, 328, 390 *A.*2d 591 (1978) (unauthorized practice of law engaged in by offering legal advice to testatrix and active participation in the drafting of the will); *Cape May County Bar Ass'n v. Ludlam,* 45 *N.J.* 121, 124, 211 *A.*2d 780 (1965) (defendant engaged in the unauthorized practice of law by drawing deeds, bonds, warrants, mortgages, releases of mortgages, affidavits and other legal instruments); *Appell v. Reiner,* 43 *N.J.* 313, 316, 204 *A.*2d 146 (1964) (plaintiff's activities of "rendering of advice and assistance in obtaining extensions of credit and compromises of indebtedness" constituted the practice of law); *New Jersey State Bar Ass'n v. Northern New Jersey Mortgage Associates,* 22 *N.J.* 184, 197, 123 *A.*2d 498 (1956) (corporate employees may not perform the "legal work" of perfecting and conveyancing titles, or securing loans on real property); *In re Baker,* 8 *N.J.* 321, 339, 85 *A.*2d 505 (1951) (unauthorized practice of law to prepare a will for another person); *Stack v. P.G. Garage, Inc., supra,* 7 *N.J.* at 121, 80 *A.*2d 545 (plaintiff was

furnishing legal services when he agreed to prosecute an appeal for the defendant).

Because our Supreme Court has defined "practice of law" in some contexts, that term cannot be considered facially vague. The term, and therefore the statute, is not " 'impermissibly vague in all its applications' " because it proscribes certain conduct with sufficient clarity. *State v. Afanador, supra,* 134 *N.J.* at 170, 631 *A.*2d 946 (quoting *State v. Cameron, supra,* 100 *N.J.* at 593, 498 *A.*2d 1217); *see also Lawline v. American Bar Ass'n,* 956 *F.*2d 1378, 1386 (7th Cir.1992) *cert. denied* 510 *U.S.* 992, 114 *S.Ct.* 551, 126 *L.Ed.*2d 452 (1993) (unauthorized practice rule is not vague in all its applications because "[t]here are some activities which clearly constitute the practice of law, such as representing another person at trial or signing legal documents filed in court on behalf of another person"); *State v. Foster,* 674 *So.*2d 747, 752 (Fla.App. 1 Dist.), *case dismissed,* 677 *So.*2d 840 (Fla.1996) (statute prohibiting the unauthorized practice of law is not vague because it is " 'set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest' ") (quoting *Arnett v. Kennedy, supra,* 416 *U.S.* at 158, 94 *S.Ct.* at 1646, 40 *L.Ed.*2d at 36.)

Rogers also contends that the statute is vague "as applied" to him because he was not put on notice that his particular actions were considered the "practice of law." We reject that argument. The very notice sent by Rogers to Padilla attempted to disclaim what might be the practice of law, and went so far as to attempt his own interpretation of his actions by "construing" the fee received to be merely "consultation fees." Caselaw makes clear that the drafting of pleadings and other legal documents constitutes the practice of law, *see In re Polk License Revocation, supra,* 90 *N.J.* at 575–576, 449 *A.*2d 7, a service for which Rogers here had received compensation. *See Cape May County Bar Ass'n, supra,* 45 *N.J.* at 124, 211 *A.*2d 780 (the practice of law included the "filling in and completion of legal forms"). *Accord: New Jersey State Bar Ass'n v. Northern N.J. Mortgage Associ-*

ates, 32 *N.J.* 430, 444, 161 *A.*2d 257 (1960); *New Jersey State Bar v. Divorce Center of Atlantic County,* 194 *N.J.Super.* 532, 477 *A.*2d 415 (Ch.Div.1984); *see also Bd. of Commissioners of Utah State Bar v. Petersen,* 937 *P.*2d 1263, 1268 (Utah 1997) (statute prohibiting the unauthorized practice of law is not unconstitutionally vague as applied to defendant who drafted complaints, summonses, motions and orders); *State v. Hunt,* 75 *Wash.App.* 795, 880 *P.*2d 96, 100–101 (Div. 2), *review denied,* 125 *Wash.*2d 1009, 889 *P.*2d 498 (1994) (statute prohibiting the unauthorized practice of law was not unconstitutional as applied to a defendant who drafted pleadings and memorandum in response to a motion); *Monroe v. Horwitch,* 820 *F.Supp.* 682, 686 (D.Conn.1993) *aff'd* 19 *F.3d* 9 (2nd Cir.1994) (the preparation of documents in a simple divorce action "unequivocally constitutes the practice of law"); *United States v. Hardy,* 681 *F.Supp.* 1326, 1328–1329 (N.D.Ill.1988) ("[C]ommon sense dictates that the drafting of even a simple complaint or an uncomplicated petition for dissolution of marriage requires at least some degree of legal knowledge or skill"); *State v. Buyers Service Co., Inc.,* 292 *S.C.* 426, 357 *S.E.*2d 15, 17 (1987) ("[P]reparation of instruments, even with preprinted forms, involves more than a mere scrivener's duties.").

The challenged statute is not unconstitutionally vague as applied to defendant Rogers. The statute was clearly intended to include the unauthorized rendering of legal advice on how and when to answer a complaint and preparation of pleadings such as an answer to a complaint. Here, Rogers admitted obtaining information from Padilla and preparing her answer to the complaint in appropriate form to be filed. This constituted the practice of law; it was not just the typing of the answer to the foreclosure complaint. Rogers also admitted to advising Padilla that she had thirty-five days to answer the complaint. Again, this constituted the practice of law. We are persuaded in this regard by the opinion in *State v. Buyers Service Co., Inc., supra,* 357 *S.E.*2d at 18, where the South Carolina Supreme Court succinctly stated:

The reason preparation of instruments by lay persons must be held to constitute the unauthorized practice of law is not for economic protection of the legal profession. Rather, it is for the protection of the public from the potentially severe economic and emotional consequences which may flow from erroneous advice given by persons untrained in the law.

Defendant was in the business of giving mortgage advice. The clause in his own contract form evinced that he knew that he was not permitted to give legal advice. Furthermore, in his solicitation of this type of business there are many situations that require legal advice that falls within the province of an attorney. It is such situations that the statute addresses in order to protect the public from erroneous, misleading, or incomplete advice.

Affirmed.