DATE       NAME OF CASE (DOCKET NUMBER)

01/07/16   GRANT W. MORGAN VS. RAYMOURS FURNITURE COMPANY, INC.,
           ET AL.
           A-2830-14T2

     Defendants appealed the denial of their motion to compel
arbitration of claims contained in plaintiff's complaint, which
included age discrimination and wrongful termination claims,
arguing that within its employee handbook could be found
plaintiff's agreement to both arbitrate and waive his right to
sue.  Although those provisions were located within, the
employer had prefaced the handbook with a disclaimer against any
assumption that its provisions were "contractual in nature."
The court affirmed the denial of arbitration, concluding the
employer could not equitably have it both ways and that the
presence of the employer's disclaimer precluded a determination
that the employee had contracted away his right to sue.

12/30/15   SEOUNG OUK CHO, ET AL. VS. TRINITAS REGIONAL MEDICAL
           CENTER, ET AL.
           A-5923-13T2

     On the day before jury selection in this medical
malpractice case, defendant filed a motion that was purportedly
a "motion in limine," but which sought the dismissal of the
complaint against him in its entirety, an admitted violation of
the rule governing summary judgment motions.

     The fact that this misuse of the motion in limine occurs
sufficiently often to win our notice, despite our repeated
cautions against such practice, leads us to conclude it
necessary to state clearly what a motion in limine is not.  It
is not a summary judgment motion that happens to be filed on the
eve of trial.  When granting a motion will result in the
dismissal of a plaintiff's case or the suppression of a
defendant's defenses, the motion is subject to Rule 4:46, the
rule that governs summary judgment motions.  We hold the trial
court's consideration of these motions and dismissal of the
complaint against defendant deprived plaintiffs of their right
to due process of law, reverse that dismissal and remand for
restoration of the complaint to the trial calendar.

12/30/15   J-M MANUFACTURING COMPANY, INC. VS. PHILLIPS & COHEN,
           LLP, AND JOHN HENDRIX
           A-5867-13T2

We affirm the Rule 4:6-2(e) dismissal of J-M's complaint based on application of the entire controversy doctrine. In 2006, defendant John Hendrix, plaintiff J-M's former employee, filed a federal qui tam action in California under the False Claims Act (FCA), 31 U.S.C.A. §§ 3729-3732, alleging J-M defrauded various governmental entities in the sale of PVC pipe. Hendrix gathered the information which formed the basis of the FCA action while represented by his attorneys, defendant Phillips & Cohen. The FCA protects legitimate whistleblowers from counterclaims meant to harass or indemnify a liable defendant by holding the counterclaims in abeyance until a defendant's liability is decided. If a defendant is found liable, the counterclaim is dismissed as the FCA prohibits a defendant from obtaining indemnification or offset for its wrongdoing. No counterclaim was filed by J-M.

While the qui tam action was pending final resolution, J-M sued in New Jersey seeking damages against Hendrix and his attorneys for Hendrix's investigatory activities, including the removal or duplication of confidential documents, customer information, and other claimed breaches of Hendrix's contractual commitments to J-M. We conclude that the entire controversy doctrine mandates dismissal of the New Jersey complaint because it was based on the same transaction or transactional circumstances as the California proceedings. We further conclude that in light of the purpose of the entire controversy doctrine and the policy aims of the FCA, the fact that the cases were being pursued simultaneously did not prevent application of the doctrine.

12/29/15  IN THE MATTER OF THE NEW JERSEY MARITIME PILOT & DOCKING PILOT COMMISSION'S DETERMINATION REGARDING EXAMINATION REQUIREMENT FOR LICENSURE OF NEW JERSEY DOCKING PILOTS
A-5176-13T1

In this appeal, appellants challenged the validity of a regulation adopted by the New Jersey Maritime Pilot & Docking Pilot Commission, which required docking pilot apprentices to pass an examination before licensure as a docking pilot. We rejected appellants' contentions that the regulation was inconsistent with the New Jersey Maritime Pilot and Docking Act, which had no such requirement, was contrary to legislative intent, transgressed the Commissions enabling legislation, and lacked regulatory standards. We held that the regulation fell within the substantive authority vested in the Commission under the Act and was consistent with and achieved the express

legislative policies and overall objectives underlying the Act. We also held that the docking pilot regulations as a whole provided sufficient regulatory standards to inform the public and docking pilot apprentices of the content of the examination.

12/28/15   STATE OF NEW JERSEY VS. MWANZA FITZPATRICK/
           STATE OF NEW JERSEY VS. KEEYAN BRISTER
           A-2477-14T3/ A-2478-14T3

     These consolidated appeals present a question of first impression of what is the time within which the State can appeal the denial of a drug offender restraining order sought in connection with a sentence.  At sentencing, the State requested drug offender restraining orders in accordance with N.J.S.A. 2C:35-5.7(h).  The sentencing court denied those applications and the State appealed.  We hold that the governing statute, N.J.S.A. 2C:35-5.7(k), requires such appeals to be filed within ten days of the date of sentencing.  Because the State failed to file its notices of appeal in these matters within the ten-day period, we dismiss both appeals for lack of jurisdiction.

12/22/15   HACKENSACK RIVERKEEPER, INC. AND NY/NJ BAYKEEPER VS.
           NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION
           A-1752-12T3

     Two non-profit organizations challenged DEP's promulgation of its "public trust rights rule," N.J.A.C. 7:7-9.48, and "public access rule," N.J.A.C. 7:7-16.9, first adopted in 2012, re-codified in 2014, and re-adopted as re-codified in 2015.  In Borough of Avalon v. New Jersey Department of Environmental Protection, 403 N.J. Super. 590 (App. Div. 2008), certif. denied, 199 N.J. 133 (2009), we concluded earlier versions of the rules were "not statutorily authorized and therefore invalid."  Id. at 597.  In this opinion, we conclude that the current regulations are not authorized by case law developed under the "public trust doctrine," or by CAFRA, and invalidate the regulations.

12/21/15   STATE OF NEW JERSEY VS. DAVID HUDSON
           A-2943-14T4

     In this interlocutory matter, we review an order disqualifying counsel and his firm from representing defendant, a former Newark police officer.  The State moves for disqualification alleging an actual conflict of interest resulted because one of the ten Newark police officers identified by the State as possible witnesses was counsel's

former client.  Additionally, the State alleges counsel had a current conflict based on an appearance of impropriety as he was an attorney for the Newark Fraternal Order of Police lodge, in which the Newark police officers are members.

We reverse the order and remand for further proceedings, concluding the record did not support the finding or existence of an actual conflict of interest.  Further, the trial judge erred in grounding his determination of a potential conflict on the appearance of impropriety.  We hold the appearance of impropriety standard may not be used as a basis to find a conflict of interest under RPC 1.7 or 1.9.  In re Supreme Court Advisory Comm. on Prof'l Ethics Op. No. 697, 188 N.J. 549, 563 n.5, 568 (2006).

12/18/15   IN THE MATTER OF THE NEW JERSEY FIREMEN'S ASSOCIATION OBLIGATION TO PROVIDE RELIEF APPLICATIONS UNDER THE OPEN PUBLIC RECORDS ACT
JEFF CARTER VS. JOHN DOE
A-2810-13T2

In this OPRA and common law right of access case, the New Jersey State Firemen's Association secured a declaratory judgment that it correctly denied access to records of a relief award to an Association member.  The records requestor appealed.

We conclude a records custodian may not bring a declaratory judgment action against a record requestor to enforce its right to withhold records, because OPRA does not provide the records custodian an independent right of action.  As to both OPRA and the common law, declaratory relief was inappropriate in this case because the declaratory judgment action was essentially an effort to preempt an imminent claim by the records requestor; and allowing a declaratory judgment action solely with respect to the common law would unnecessarily fragment claims.  As a substantive matter, we conclude that under the circumstances presented, both OPRA and the common law required disclosure of documents containing the applicant's name and the award amount.

Judge Messano concurs in the judgment, but declines to join in the section of the opinion that expresses the general principle that if there is no private right of action under a particular statute, a party may not secure a declaration of its statutory rights under the Declaratory Judgment Act.

12/17/15   MARK LAGERKVIST VS. OFFICE OF THE GOVERNOR OF THE
           STATE OF NEW JERSEY AND JAVIER DIAZ, LEGAL
           SPECIALIST/RECORDS CUSTODIAN
           A-0250-14T3

     A journalist appeals a Law Division order denying him access to records of the Governor and unspecified members of his senior staff's third-party funded travel.  He contends that the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, required the custodian of the records to have attempted to reach an agreement with him before denying the request, and that in any event, his inquiry, which covered a two-year period and did not specify dates, events, or participants other than the Governor himself, was not unclear or overbroad.

     Having decided the inquiry exceeded OPRA's scope, we also declined to expand the effect of N.J.S.A. 47:1A 5(g), which requires the custodian to "attempt[] to reach a reasonable solution with the requestor" when a records request would "substantially disrupt agency operations."  We found it does not include this scenario, when research and information, not records, are sought.

12/15/15   MICHAEL BANDLER VS. ROCCO MELILLO
           A-1315-14T2

     In this opinion, we address a situation where plaintiff's only argument on appeal is that the trial judge included dictum in his written opinion dismissing plaintiff's complaint.  He asked that we redact the dictum from the judge's decision.

     We concluded that a party may not parse through the opinion of a trial judge and take an appeal from words, sentences, or sections of the opinion that he or she finds objectionable when the party is not asserting the order or judgment was made in error.  Because appeals are taken from actions of a trial court, and not from the trial court's rationale, much less dicta, we dismissed plaintiff's appeal for want of jurisdiction.

12/15/15   STATE OF NEW JERSEY VS. RODNEY J. MILES
           A-2692-12T1

     The defendant was arrested during an undercover drug operation.  Defendant was charged on a warrant with possession of a CDS with intent to distribute on or near school property. Defendant was also charged on a summons with a disorderly persons offense of possession of marijuana.

After defendant was indicted, he appeared pro se in municipal court via video conference after being incarcerated for a family matter. The disorderly persons drug offense, which was not joined with the indictable offense, was pending. Without the presence or participation of the State, but in accord with the existing "practice," the judge amended the offense to loitering and then took a plea from defendant. Predicated upon his plea, defendant sought to bar the prosecution of the indictable charge.

The court held that the subsequent prosecution and conviction on the indictable charge was barred under the "same evidence" test which is still recognized under state constitutional principles. The court reasoned that the "fundamental fairness" doctrine did not apply, notwithstanding the State's failure to join the disorderly offense with the indictable charges and defendant's reasonable expectation that his plea to the disorderly offense charge resolved all charges which arose out of his arrest.

12/11/15  IN THE MATTER OF THE ESTATE OF MICHAEL D. FISHER, II
          A-0878-14T2

In this case of first impression, we interpret N.J.S.A. 3B:5-14.1(b)(1), which provides that a parent who is deemed to have "abandoned" his or her child "by willfully forsaking" the child is barred from sharing in the child's estate if the child dies intestate. Among other things, we conclude that the party seeking to apply the statute to bar recovery must demonstrate by a preponderance of the evidence that the parent, through his or her intentional conduct, manifested a settled purpose to permanently forego all parental duties and relinquish all parental claims to the child.

In our case, we determined that while the parent did not take the steps needed to resume parenting time with his child after a final restraining order prohibiting parenting time was issued near the time of the parties' divorce, he did not intend to permanently forego all parental duties and claims. Most notably, the parent continued to pay child support, and was in contact with the child over social media several months prior to the child's death.

12/08/15  IN THE MATTER OF BOARD OF FIRE COMMISSIONERS, FIRE
          DISTRICT NO. 1, MONROE TOWNSHIP AND MONROE TOWNSHIP

Applying the dual motivation test in In re Township of Bridgewater, 95 N.J. 235 (1984), PERC determined that anti-union animus was a substantial or motivating factor for the Board's termination of firefighters. It also rejected as pretextual the Board's assertion that it fired the firefighters as a cost saving measure.

We affirmed PERC's determinations and held that after it reinstates an aggrieved employee, a public employer retains its rights under the New Jersey Employer-Employee Relations Act, N.J.S.A. 34:13A-1 to -43, "to discharge a worker for a legitimate business reason, unrelated to the employee's union activities." Twp. of Bridgewater, supra, 95 N.J. at 237. The reinstatement of the employee, therefore, does not forever preclude the public employer from making legitimate and non-retaliatory employment decisions.

12/03/15    STATE OF NEW JERSEY VS. WALTER A. TORMASI
            A-3830-13T4

Defendant, convicted of his mother's 1996 murder, filed in 2011 a post-conviction relief petition based on an incomplete affidavit purporting to contain his father's acknowledgement that he, not defendant, was responsible for the murder; this thirty-eight-page document was discovered by defendant's brother shortly after the father's death in 2010. The PCR judge conducted a testimonial hearing limited solely to the admissibility of the document; defendant's siblings testified they had seen the complete document, with a signed and notarized thirty-ninth page years earlier. The PCR judge concluded — without opining on the siblings' credibility — that the document was inadmissible because it was neither handwritten, signed, nor capable of being authenticated. The court reversed, holding that, even though incomplete, the document was admissible pursuant to N.J.R.E. 803(c)(25) and capable of being authenticated pursuant to N.J.R.E. 901. The court remanded for consideration of the witnesses' credibility and the other factors relevant to claims of newly-discovered evidence.

11/25/15    IN THE MATTER OF THE ADOPTION OF THE MONROE TOWNSHIP HOUSING ELEMENT AND FAIR SHARE PLAN AND IMPLEMENTING ORDINANCES

A-0688-15T1

In the wake of In re N.J.A.C. 5:96 & 5:97, 221 N.J. 1 (2015), and In re Failure of the Council on Affordable Housing To Adopt Trust Fund Commitment Regulations, 440 N.J. Super. 220 (App. Div. 2015), the trial court denied the motion of the Department of Community Affairs to intervene in this action, which was commenced by the Township of Monroe for a judgment declaring its housing plan presumptively valid. The DCA sought to file a counterclaim seeking an accounting and turnover of Monroe's affordable housing trust funds based on an allegation that Monroe failed "to spend or commit to spend" the funds with the period prescribed by law. The court granted leave to appeal and affirmed substantially for the reasons set forth in Judge Douglas K. Wolfson's published written opinion.


11/25/15   STATE OF NEW JERSEY V. JEAN A. SENE
           A-2256-13T1

The question of first impression presented on this appeal is whether contact between defendant's vehicle and a victim is a necessary element of leaving the scene of an accident in violation of N.J.S.A. 2C:11-5.1. Defendant was driving a taxi when a pedestrian stepped into his lane of traffic. The pedestrian fell into the adjoining lane of traffic and was killed when she was run over by another vehicle. Defendant did not stop his taxi at the scene and left without speaking to anyone. A jury convicted him of leaving the scene of a fatal motor vehicle accident under N.J.S.A. 2C:11-5.1. On appeal, defendant contends that a necessary element to the crime is contact between his vehicle and the victim. We disagree and hold that such contact is not an element of this crime. We also hold that N.J.S.A. 2C:11-5.1 is not unconstitutionally vague. We, therefore, affirm defendant's second-degree criminal conviction.

Because the sentencing judge did not correctly identify the aggravating and mitigating factors, we remand for resentencing. We also vacate a $5000 restitution award and remand for a hearing in accordance with N.J.S.A. 2C:44-2(b), (c).

11/24/15  LISA B. FREEDMAN AND JEFFREY C. ENDA VS. MURRAY N. SUFRIN AND ELLEN L. SUFRIN, ET AL.
A-4942-13T1

Plaintiffs commenced this quiet-title action in response to defendants' assertion that a restrictive covenant, which they imposed years earlier on a former owner of plaintiffs' property, required that "as many trees . . . as possible" be retained on plaintiffs' property.  In applying the long-standing rule of strict construction of restrictive covenants of this nature, the court found numerous ambiguities in the language employed by the covenant's drafter that suggested, among other things, that the tree-removal restriction was likely intended to apply only during the construction of a residence on plaintiffs' property that occurred many years earlier. Because the strict-construction rule barred enforcement of the covenant in light of these ambiguities, the court affirmed the summary judgment entered in favor of plaintiffs.


11/19/15  ESTATE OF SANDRA BRUST AND PHILIP BRUST, ETC. VS. ACF INDUSTRIES, LLC, ET AL.
A-3431-13T4

Sandra Brust's father, John Noga, was employed by the Port Authority Transit Corporation (PATCO) from 1970 to 1977.  His job duties included adjustment and repair of locomotive brakes, which allegedly released friable asbestos particles into the air.  He also worked on approximately one car a year for resale after hours at home, removing and replacing automotive brake shoes in the process.  That also allegedly released asbestos particles into the air.  The family moved from New Jersey in 1977.  Brust, who was born in 1963, came into contact with Noga's asbestos-laden clothes when he came home from work and when she helped her mother wash his laundry.  She developed mesothelioma in 2010.  Plaintiffs sued the locomotive and automotive defendants for personal injuries based on Brust's secondary exposure to asbestos.

We conclude that Brust's state law claims against the locomotive defendants regarding her secondary exposure to asbestos in the years Noga was a PATCO employee were preempted by federal law, specifically, the Locomotive Inspection Act (LIA), 49 U.S.C.A. §§ 20701-20703.  We further conclude that Brust's secondary exposure to asbestos resulting from her

father's work on cars was not sufficiently frequent, regular, and proximate to withstand the automotive defendants' motions for summary judgment.

11/18/15   STATE OF NEW JERSEY IN THE INTEREST OF C.L.H.'S
           WEAPONS
           A-0072-14T2

The State appeals from a final order of the Family Part denying its motion to have C.L.H. forfeit five illegal assault rifles, among other weapons, and his firearms purchaser identification card seized pursuant to the Prevention of Domestic Violence Act of 1991.

Following the entry of a temporary restraining order against C.L.H.'s wife arising out of a domestic violence complaint brought by her eighty-one-year-old father, the police seized the weapons from the couple's home pursuant to N.J.S.A. 2C:25-28j.  While the forfeiture action was pending, C.L.H. advised the prosecutor he was transferring the confiscated weapons to a licensed firearms dealer pursuant to the 2013 gun amnesty law.  The Family Part determined that because C.L.H. was not a defendant in the domestic violence case, and the guns were seized solely because of a restraining order against C.L.H.'s wife, not allowing him to take advantage of the gun amnesty law was "not equitable."

The panel reversed, concluding the court erred in determining the gun amnesty law applied because the weapons were in the possession of the prosecutor on the law's effective date. Instead it held that because the five assault firearms were seized pursuant to the Prevention of Domestic Violence Act and cannot be returned to C.L.H. under the Domestic Violence Forfeiture Statute as they are contraband under N.J.S.A. 2C:64-1a(1), C.L.H. is expressly disqualified from obtaining a handgun purchase permit or firearms purchaser identification card under the Gun Control Law, N.J.S.A. 2C:58-3c(8), and thus from regaining possession of his remaining firearms and his firearms purchaser identification card held by the prosecutor.

11/18/15   CASEY PIATT VS. POLICE AND FIREMEN'S RETIREMENT
           SYSTEM, NEW JERSEY DEPT. OF CORRECTIONS, AND STATE OF
           NEW JERSEY
           A-5504-12T1

Under N.J.S.A. 43:16A-3 and N.J.A.C. 17:4-2.5(a), a person must be no more than thirty-five years old when becoming a

member of the Police and Firemen's Retirement System (PFRS). Plaintiffs are State corrections officers who claim that age requirement cannot be applied to them. However, the long history of PFRS makes clear that the Legislature intends to restrict PFRS membership to persons meeting that age requirement at the time they become a "policeman" or "fireman." N.J.S.A. 43:16A-3. Although N.J.S.A. 43:16A-3 applies by its terms to political subdivisions, it also applies to State corrections officers because the Legislature has included them in the definition of "policeman." The age requirement serves the Legislature's goals of using PFRS's heightened benefits to encourage persons to become officers while young and fit, and to retire at a relatively early age. Moreover, the PFRS Board by regulation has properly applied this construction of the PFRS Act for more than forty years. N.J.A.C. 17:4-2.5(a).

11/13/15   SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION LOCAL UNION 22 VS. RAYMOND KAVANAGH VS. DAVID CASTNER, ET AL.
A-3646-13T1

In this appeal of a summary judgment that affirmed a union's imposition of fines against defendant, the court affirmed the judge's upholding of the union's finding of violations and also rejected defendant's contention that he was wrongfully denied counsel at the union disciplinary proceedings. The court, however, reversed the trial judge's determination that the fines were reasonable because the judge did not consider factors relevant and necessary to that determination. The case is remanded for the trial judge to employ relevant factors as set forth in this opinion in assessing the reasonableness of the fine.

11/12/15   IN THE MATTER OF THE IMPLEMENTATION OF L. 2012, C. 24, N.J.S.A. 48:3-87(t), ETC.
A-4565-13T3

Construing the Solar Act, N.J.S.A. 48:3-87, we affirmed a decision of the Board of Public Utilities that appellant's application could not be considered under N.J.S.A. 48:3-87(t), because it concerned a solar project to be sited on property which had been valued, assessed and taxed as farmland. Such applications are governed by N.J.S.A. 48:3-87(s). In addition, subsection (t) did not apply to the application because the property was not a contaminated industrial or commercial site within the definition of a brownfield, as set forth in N.J.S.A. 48:3-51.

11/09/15   LISA IPPOLITO VS. TOBIA IPPOLITO
           A-4840-13T1

        In this matrimonial action, the family judge instituted a contempt proceeding, pursuant to Rule 1:10-2, against defendant upon the judge's receipt of a letter from plaintiff's counsel claiming that defendant violated an order which prohibited defendant from "threatening or intimidating any expert in this matter."  Because the judge presided over the very contempt proceeding he initiated, failed to appoint counsel to prosecute the matter, and shifted the burden of persuasion to defendant, the court vacated the order under review and remanded the contempt proceeding to the assignment judge to designate another judge to preside over the contempt proceeding.

11/06/15   ROSALIE BACON VS. NEW JERSEY STATE DEPARTMENT OF
           EDUCATION
           A-2452-14T1

        Plaintiffs, a group of fifteen school districts, and parents and children from those districts, appeal from the Law Division's order dismissing their complaint for failure to state a claim upon which relief can be granted.  Plaintiffs brought the complaint as a summary action "to enforce agency orders" under Rule 4:67-6(a)(2).  Plaintiffs sought to compel defendant New Jersey State Department of Education to provide the funding provided by the School Funding Reform Act of 2008 (SFRA), along with facilities improvements and other measures.

        In this opinion, we hold that plaintiffs could not bring their complaint as a summary action under Rule 4:67-6(a)(2) because the district-specific needs assessments which plaintiffs sought to enforce did not require the Department to fully fund the districts under the SFRA or otherwise provide for specific relief and, therefore, there were no orders capable of being enforced under the rule.

11/05/15   MICHAEL CONLEY, JR. AND KATIE M. MAURER VS. MONA
           GUERRERO, BRIAN KRAMINITZ, AND MICHELE TANZI
           A-3796-13T2

        We affirm the trial court's determination that a residential seller effectively terminated her sale agreement with plaintiffs during the agreement's three-day attorney review period, mandated by New Jersey State Bar Association v. New

Jersey Association of Realtor Boards, 93 N.J. 470 (1983), mod., 94 N.J. 449 (1983). The agreement requires notice of disapproval by certified mail, telegram or personal delivery to the realtors; no delivery method is prescribed for notice to parties. The seller's attorney sent the disapproval letter by facsimile and email to the buyer's attorney and by email to the realtor, a dual agent. It was undisputed that the realtor, the buyer's attorney, and the buyers received actual notice of the disapproval. The realtor did not complain about the method of delivery. We conclude that, even assuming the buyers could enforce the realtor's right to notice by the prescribed delivery methods, substantial compliance sufficed, since the buyer did not dispute actual notice and enforcement of the method-of-delivery requirement would result in a disproportionate forfeiture of the seller's right to disapprove the contract.

11/02/15   O.Y.P.C. VS. J.C.P.
             A-0334-14T1

    We remanded this case to the trial court, based on the Supreme Court's recent decision in H.S.P. v. J.K., __ N.J. __ (2015), and we provided guidance for the trial court to follow on remand. The trial court had dismissed the application for lack of jurisdiction, because it concerned an immigrant who was over the age of eighteen. Following H.S.P., we held that in addressing an application filed as a predicate step in seeking special immigrant juvenile (SIJ) status for a person under age twenty-one, Family Part judges must make the required SIJ findings regardless of whether other relief can be granted. We also noted that the Family Court has some sources of jurisdiction over persons between the ages of eighteen and twenty-one, and the trial court's reliance on the definition of "juvenile" set forth in the Code of Juvenile Justice was misplaced.

10/30/15   STATE OF NEW JERSEY VS. RICKY ZUBER
             A-4169-11T2

    The United States Supreme Court has held that the Eighth Amendment forbids the sentence of life without parole for a juvenile offender who did not commit homicide. Graham v. Florida, 560 U.S. 48, 74, 130 S. Ct. 2011, 2030, 176 L. Ed. 2d 825, 845 (2010). We hold that Graham applies retroactively.

    Assuming Graham can be extended to aggregate term-of-years sentences imposed consecutively for separate criminal episodes, defendant's aggregate sentence of fifty-five years before parole

eligibility is not the "functional equivalent" of life without parole. His sentence gives him a meaningful and realistic opportunity for parole well within the predicted lifespan for a person of defendant's age.

This predicted lifespan should be determined using the CDC's National Vital Statistics Reports, "United States Life Tables," as used in Appendix I of our Court Rules. When a Graham claim is raised at a sentencing or PCR hearing, the court should use the most recent table available for a person of the defendant's age at the time of the hearing, without injecting disparities regarding race, sex, and ethnicity.

10/29/15    BOUND BROOK BOARD OF EDUCATION VS. CIRIPOMPA
            A-2198-14T1

This appeal involves a teacher-tenure arbitration conducted pursuant to the Tenure Employees Hearing Law (TEHL), N.J.S.A. 18A:6-10 to -18.1. The Bound Brook Board of Education charged a high school teacher with two counts of unbecoming conduct and sought his dismissal. The arbitrator found that the Board proved the first charge, but not the second charge, and modified the penalty from dismissal to a 120-day suspension without pay. The Board then filed an action in the Chancery Division challenging the arbitrator's award. The Chancery Division judge vacated the award as procured by undue means pursuant to N.J.S.A. 2A:24-8(a) and remanded for a new arbitration hearing before a different arbitrator.

We reversed the vacatur of the arbitration award and reinstated the award. We also rejected the teacher's argument that the court lacked authority to order a rehearing before a different arbitrator beyond forty-five days of the first arbitration hearing date.

10/26/15    STEPHEN BARR VS. BISHOP ROSEN & CO., INC.
            A-2502-14T2

Plaintiff was employed for seventeen years with defendant, a securities broker-dealer. In defining their relationship by written agreements in 1997 and 2009, plaintiff consented to arbitrate any dispute, but he did not expressly waive his right to sue in a judicial forum. In 2000, defendant advised plaintiff by memorandum of a federal regulation that required broker-dealers to advise employees that, when agreeing to arbitrate, the employee surrenders the right to sue. The court held, in affirming the trial judge's denial of a motion to

compel arbitration of plaintiff's complaint regarding compensation, that the 2000 memorandum could not inform or pour content into the arbitration agreements executed in 1997 and 2009, because the disclosure was not simultaneously made.

10/23/15  IN THE MATTER OF THE ADOPTION OF A CHILD BY J.E.V. AND
         D.G.V.
         A-3238-13T3

     The order terminating parental rights is reversed because the indigent mother, who placed her special-needs two-year-old daughter in foster care with a State-licensed private adoption agency, had a constitutional and statutory right to court-appointed counsel, beginning when the agency first determined to proceed with an adoption over the mother's objection.  The agency decided on its own that the mother was an unfit parent and had abandoned her child.  In the future, in similar circumstances, a private adoption agency must notify the court when advising an indigent parent of its intention to proceed with an adoption.  The court must devise a procedure for assigning pro bono counsel to represent an indigent parent in this situation, prior to the filing of the adoption complaint.

10/22/15  JOHN M. GATELY AND PATTY SUE GATELY VS. HAMILTON
         MEMORIAL HOME, INC., D/B/A BRENNA-CELLINI FUNERAL
         HOME, AND MARIA E. BRENNA
         A-4458-13T2

     This appeal arises out of a no-cause jury verdict rejecting a father's claims that a funeral home wrongfully released the remains of his adult son for cremation without the father's authorization.  The father contends that he told an individual employed by the home (known in the trade as an "intern") that he did not want his son to be cremated. He claims that the intern and funeral home ignored his protestations and instead improperly acceded to the contrary direction of the decedent's mother.

     The main and novel legal issue presented to us is whether the qualified immunity from civil liability granted to funeral directors under N.J.S.A. 45:7-95 and N.J.S.A. 45:27-22(d) extends to interns who are employed by funeral homes pursuant to regulations issued by the State Board of Mortuary Science.  The immunity precludes liability unless the defendant had "reasonable notice" of untrue representations or a lack of authorization by the decedent's surviving next of kin.

We conclude that the statutory immunity does extend to such interns.  The trial judge consequently did not err in charging the elements of the immunity to the jury.

10/21/15  CAROL JACOBY VS. ZONING BOARD OF ADJUSTMENT OF THE BOROUGH OF ENGLEWOOD CLIFFS, ET AL./ MARCIA DAVIS, ET AL. VS. BOARD OF ADJUSTMENT OF THE BOROUGH OF ENGLEWOOD CLIFFS, ET AL.
A-0007-13T1/A-0259-13T1/A-0404-13T1(CONSOLIDATED)

In this prerogative writs case involving the proposed construction of a building in close proximity to the historic Palisades Cliffs, we reversed an order upholding a height variance and remanded to the Zoning Board to conduct further proceedings consistent with the enhanced standards of N.J.S.A. 40:55D-70(d)(6), as articulated in Grasso v Borough of Spring Lake Heights, 375 N.J. Super. 41 (App. Div. 2004).  We held that in determining whether the height of the building is "consistent with the surrounding neighborhood," the Board was obligated to consider the impact that the structure would have on all reasonable visual vantage points.  We otherwise affirmed the order upholding a bulk variance pursuant to N.J.S.A. 40:55D-70(c)(2).

10/20/15  DEPARTMENT OF CHILDREN AND FAMILY, INSTITUTIONAL ABUSE INVESTIGATION UNIT VS. D.B./ DEPARTMENT OF CHILDREN AND FAMILIES, INSTITUTIONAL ABUSE INVESTIGATION UNIT VS. A.G.
A-5434-12T3/A-0276-13T3 (CONSOLIDATED)
(NEWLY PUBLISHED OPINION FOR OCTOBER 20, 2015)

Applying established case law to N.J.A.C. 10:129-7.3, effective April 1, 2013, the Institutional Abuse Investigation Unit of the Department of Children and Families appropriately entered findings of "not established" after investigating allegations against two defendants — a teacher's aide for a special needs child and an elementary school art teacher.  The reports, however, must be rewritten to clarify that no determination as to the validity of the witness's statements was made.

10/16/15  STANLEY E. WILLIAMS VS. BOROUGH OF CLAYTON
A-3191-14T2

We affirm the trial court's issuance of a declaratory order confirming that N.J.S.A. 40A:14-129 and -130 restrict the appointment of Police Chiefs in smaller cities (i.e., those not of the "first class" or "second class" in population and which

are not civil service jurisdictions) to police officers who have served in those police departments for at least three years.

The issuance of declaratory relief in this case was appropriate because there was an actual controversy presented by the Borough's plan to include external candidates who lack such statutory eligibility in the testing and selection process for Police Chief.

We also note that the trial court's order does not require the Borough to appoint plaintiff, the sole statutorily-qualified officer who had applied for the position, as Chief. The Borough may choose to re-advertise the position or pursue other options not contrary to these statutes.

10/14/15   DEBORAH SPANGENBERG VS. DAVID KOLAKOWSKI
           A-2655-14T1

Among the issues reviewed in this post-judgment matrimonial matter is defendant's argument that plaintiff's cohabitation requires termination of his alimony obligation, as required by newly enacted subsection (n), amending N.J.S.A. 2A:34-23. We rejected defendant's suggestion applying N.J.S.A. 2A:34-23(n), concluding the provisions are inapplicable to post-judgment orders finalized before the statute's effective date.

10/14/15   STATE OF NEW JERSEY VS. VANCLEVE ASHLEY
           A-0403-12T2

When there has been a plea agreement and a defendant seeks to withdraw his guilty plea to multiple counts after providing an inadequate factual basis to support the plea, the remedy is to vacate the plea in its entirety, reinstate the dismissed charges and restore both the State and the defendant to their positions prior to the guilty plea. State v. Campfield, 213 N.J. 218, 232 (2013) (citing State v. Barboza, 115 N.J. 415, 420 (1989)). In this case, we consider whether the same remedy applies when the guilty plea, lacking an adequate factual basis for two of three charges, is entered without a plea offer from the prosecutor, but after the defendant has been advised by the trial court regarding the maximum sentence the judge was "inclined" to impose. Because it was intended that the maximum ten-year sentence the judge was inclined to impose would globally address all charges and defendant provided an inadequate factual basis for the most serious offenses, it was error to deny his motion to vacate his plea and sentence him to the ten year term.

09/17/15   A.A. VS. CHRISTOPHER J. GRAMICCIONI, ESQ., CAREY J.
           HUFF, ESQ., AND OFFICE OF THE COUNTY PROSECUTOR OF
           MONMOUTH COUNTY, NEW JERSEY
           A-0946-13T3

        This appeal involves an anonymous requestor of records
pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1
to -13, and alternatively under the common law right of access,
who seeks to remain anonymous when litigating in the Superior
Court.  We conclude there is no statutory authorization, rule
authorization or compelling reason permitting A.A. to prosecute
this matter anonymously.  We also conclude that the trial judge
properly dismissed the complaint for failure to comply with Rule
4:67.


09/17/15   JACQUELINE   SCHIAVO,   ET   AL.   VS.   MARINA   DISTRICT
           DEVELOPMENT COMPANY, LLC, D/B/A BORGATA CASINO HOTEL &
           SPA
           A-5983-12T4

        Plaintiffs, twenty-one women who are present or former
employees of defendant Marina District Development Company, LLC,
operating as the Borgata Casino Hotel & Spa, appeal from the
summary judgment dismissal of their complaint alleging
violations of the New Jersey Law Against Discrimination (LAD),
N.J.S.A. 10:5-1 to -49, as informed by Title VII of the Civil
Rights Act of 1964 (Title VII), 42 U.S.C.A. §§ 2000e to 2000e-
17.  Plaintiffs allege defendant's adoption and application of
personal appearance standards (the PAS) subjected them to
illegal gender stereotyping, sexual harassment, disparate
treatment, disparate impact, and as to some plaintiffs, resulted
in adverse employment actions.

        We examine the types of decimation claims and generally
hold the PAS requirements were permitted by N.J.S.A. 10:5-12(p),
a provision allowing an employer to establish reasonable
employee appearance standards and the LAD does not encompass
allegations of discrimination based on weight, appearance, or
sex appeal.

        The evidence does not support plaintiffs' claims of gender
stereotyping, disparate treatment, and disparate impact.
However, the record does present a material dispute of facts
regarding defendant's application of the PAS weight standard to

harass certain plaintiffs whose lack of compliance resulted from documented medical conditions and post-pregnancy, thus targeting them because of their gender.  As to those claims, summary judgment is reversed and the matter remanded.